T. A. BOUNDS v. O. C. KIRVEN, COUNTY JUDGE, ET AL.

(Case No. 1899.)

1. TAKING OF PRIVATE PROPERTY FOR PUBLIC USE — JURISDICTION.— Where a county commissioners' court ordered a third class road to be changed into one of the second class, without complying with the statutory enactments in regard to establishing public roads and compensating the owners of land over which they pass, held:

(1) That the opening a second class road imposed greater burdens upon the land than would have been imposed by the opening of a third class road.

(2) That such a taking without compensation to the owner is in violation of art. I, § 17, of the constitution.

(3) That had the county court proceeded as required by statute, the district court would have had no appellate jurisdiction over its decisions; but if it proceeded contrary to the statutes, the district court had jurisdiction.

APPEAL from Freestone. Tried below before the Hon. L. D. Bradley.

The facts sufficiently appear in the opinion.

*B. H. Gardner, Burrow & Kincaid,* for appellants.

No brief for appellees on file.

STAYTON, ASSOCIATE JUSTICE.— The petitioner in this case, in effect, alleges that a third class road had been legally opened through his land without any compensation therefor being paid or demanded; and that, subsequently, without taking any steps which would be necessary to open a road in the first instance, the county commissioners' court, against the protest of the plaintiff, and in disregard of his request that his damages be determined as in case of the opening of a new road, made an order declaring the road in question to be of the second class, and directing that all obstructions on it, to the width of thirty feet, be removed.

The petitioner alleges that his land through which the road ran was inclosed and used for purposes of pasturing stock which he owned, and that at the places where the road entered and left his inclosure he had gates. On third class roads, which the law declares shall not be less than twenty feet wide, the law permits gates to be erected in all cases in which the right of way has been obtained without cost to a county; and in cases in which it has been acquired at the cost of a county, whether there shall be gates is left to the discretion of the county commissioners' court. Laws Special Session, 1884, p. 23, art. 4389.

The law requires second class roads to be at least thirty feet wide (R. S., 4363), and gives no right to any person to obstruct them by gates.

It will thus be seen that the exercise of the right to establish a public road of the second class takes from the land owner property and rights other and greater than are taken from him by the establishment of a third class public road by the owner's consent and without compensation.

In the one case more land may be taken than must necessarily be taken in the other.

In the one case the land owner may use all of his inclosed land, save such as is taken for the road, without other expense than the erection of gates at the places at which the road enters his land; while if a road of the other class be established, he cannot use his

lands which were before inclosed, without erecting two additional fences.

The opening of a road of the latter class imposes burdens on the land-owner which the opening of a third class road does not; and in the one case there is a taking of property not taken in the other.

Such a taking, without compensation, is in violation of art. 1, sec. 17, of the constitution, which declares that "no person's property shall be taken, damaged or destroyed for or applied to public use, without adequate compensation being made, unless by the consent of such person," etc.   G., C. & S. F. R. R. Co. v. Eddins, 60 Tex.; 656.

The county commissioners' court has power to establish and open such public roads as may be necessary, but in order to the proper exercise of this power, in accordance with the provisions of the constitution, statutes have been enacted which provide a mode in which roads may be established and compensation made to owners of land over which they pass.   R. S., 4360–4378, and the amendments thereto, approved February 5, 1884 (General Laws, 20).

The appellees, in the court below, urged demurrers to the petition, and, among others, one which asserted the want of jurisdiction in the district court to afford to the appellant relief.   This demurrer was sustained by the court below.

It is true that the district courts have no appellate jurisdiction over matters of which jurisdiction is given to the county commissioners' courts; as is it that no such jurisdiction is sought to be maintained in this case.

If the county commissioners' court had pursued the course pointed out by the statute, and in due course of procedure had determined that the benefits to accrue to the appellant were equal to or greater than the disadvantages, or that a very small or even a nominal sum was a sufficient compensation for the land taken, then the district court would have no power to revise a decree of that court determining such matters and directing the road to be opened.

Such, however, is not the case made by the petition.   The case made is one in which the county commissioners' court has attempted to establish a second class public road over the inclosed lands of the appellant, without first having complied with the law, through which action his property would be taken from him without compensation.

This that court had no power to do, and the district court had jurisdiction to grant the relief sought.   Bourgeois v. Mills, 60 Tex., 77; Floyd v. Turner, 23 Tex., 294; Anderson County v. Kennedy, 58 Tex., 616.

. The action of the court below was based on the demurrer which admits the facts stated in the petition to be true, and not upon the answer, which is sworn to, and contains denials of the averments of the petition, and the latter cannot, therefore, be considered.

For the error of the court below in sustaining the demurrer to the petition, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered January 27, 1885.]