### H. W. ONKEN V. CHAS. RILEY ET ALS.

(Case No. 2200)

1. PUBLIC ROADS—PROCEEDINGS TO ESTABLISH—NOTICE TO LAND OWNER—Where the owner of land through which the jury of freeholders appointed for the purpose by the commissioners' court, proposed to lay out a public road, was present when it was so laid out by the jury, and was in attendance upon the court when their action was adopted and confirmed, he will not be heard to object to the road, on the ground that he had no notice of the proceedings.

2. SAME—ACT OF FEBRUARY 5, 1884—The act of February 5, 1884, allowing the jury appointed by the commissioners to lay out a public road, to call to their assistance in designating such road the services of the county surveyor, is merely directory.   It is a method which the jury should pursue, if they can, but if for any reason they cannot, their failure to do so would not vitiate their proceedings, or render illegal or void the action of the commissioners' court in adopting them.

APPEAL from Colorado.    Tried below before the Hon. R. H. Phelps, special judge.

*Kennan & Townsend*, for appellant, on the proposition that the proceedings by which appellant's property was sought to be subjected to a public use, were illegal, cited: Const., Bill of Rights, sec. 17; Acts 18th Leg., spec. sess. chap. 13.

*Foard & Thompson*, for appellees.

On February 21, 1885, H. W. Onken, a land owner of Colorado county, filed his petition, in the district court of that county, for an injunction restraining Steve McCormick, as road overseer, from opening a public road over plaintiff's land, and also restraining the commissioners' court from delegating any other person to do the work. It appears, from the judge's conclusions of fact, that on August 12, 1884, the commissioners' court of Colorado county, upon proper petition and notice, appointed, from amongst the freeholders of the county, a jury to lay out and designate a public road near the town of Weimar, in that county; that the jury duly notified the owners of land along the proposed route, and, in December following, went upon the ground for the purpose of locating the road; that Onken, the plaintiff, was present with the jury when they went along the line of the proposed road, but that the county surveyor did not accompany them, and no report of their action in the matter was then made, because of the failure or refusal of that officer to attend, after request from them to do so.

It further appears that on February 9, 1885, at a regular term of the commissioners' court, the jury made to the court a statement in writing to the effect that they had not been able to fully discharge their duties in the matter of the location of the road, because of their inability to secure the attendance of the county surveyor; that on the filing of this statement, the court, by an order entered upon its minutes, directed the jury to proceed in their duties, without the aid or presence of the surveyor; that the jury then proceeded, in accordance with this last order, and made their report without further notifying the owners of the land along the proposed road, which report was adopted by the court, and the road, as defined therein, ordered to be opened by the road overseer; and that the plaintiff, at the time the jury's report was being acted on by the court, was present, resisting its adoption.    It also appears that the road, as laid out by the jury, did not encroach upon any enclosed lands, but ran

between enclosures, and was an old and plainly designated lane that had been open and in use for travel by the public for eight or ten years.

The grounds alleged for the injunction were that plaintiff had had no notice of the proceedings, and that the road, as designated by the jury, would traverse his land a distance of one thousand seven hundred and fifty-two varas, and he could not determine, for want of an accurate and lawful survey, whether or not it would be necessay for him to move his fences, in order to give the required width. The preliminary injunction granted by the judge, was, on final hearing, dissolved, and the petition dismissed. From that decree the plaintiff has prosecuted this appeal.

WILLIE, CHIEF JUSTICE.—The record shows that notice was given to the land owners through whose lands the jury of freeholders appointed by the commissioners' court proposed to lay out the public road, which was the subject of the injunction in this case. But one of these land owners complained of the action of the jury and the court in laying out the road, and he was present when it was so laid out by the jury, and was in attendance upon the court when their action was adopted and confirmed. We cannot, therefore, see how this particular land owner, who is the only appellant in this cause, can make objection to the road on the ground that he had no notice of the proceedings.

The law does not positively require that the county surveyor shall accompany the jury in designating the road. The act of February 5, 1884, authorized the jury to take the county surveyor with them, no doubt, for the purpose of surveying the route of the road and making field notes of the survey, so that its course could be traced with certainty. The provision was intended for the benefit of the jury, to assist them in their labors and to enable them to make a definite description of the road in their report to the county court. The surveyor was not required to unite with them in making the report, and we see no reason why, if he refused to attend at their request, and there was actually no necessity for any survey of the route, and the road could be described by field notes without calling on the surveyor to make them, their report, if satisfactory, should not be legally adopted by the commissioners. The law prescribes heavy penalties against a juror who fails or refuses to perform the services required of him; it prescribes none against the county surveyor for failing to attend at the request of the jury. R. S., art. 4378. It provides for notice to be given to the jurors, but not to the surveyor. It pays such respect to the wishes of freeholders, who ask for the road,

that it enforces, by penalties and the use of the means granted by the constitution, a dedication of the road to public use, and the appropriation of private property for that purpose.

It would seem unreasonable, therefore, that it should leave it within the power of the county surveyor to defeat the object of the law, the will of the citizens desiring the road, and the public good, by mere refusal to take part with the jury in marking out and designating its lines. This would be especially unreasonable in the present case, where his presence would not have been of any service, as the route chosen for the road was already designated—the jury merely adopting as a public highway a private road already in use. The law allowing the jury to call to their assistance the services of the county surveyor, is evidently directory; a method which they should pursue, but which, if they could not, as in this particular case, the failure would not vitiate their proceedings, or render illegal or void the actions of the commissioners adopting them.

It is unnecessary to consider the second assignment of error, as it is apparent that the court below dissolved the injunction because the proceedings, by which the road was laid out and designated, were sufficiently in compliance with the statutes. The appellant was entitled to the damages suffered by him, and was pursuing the statutory methods of obtaining them. He does not complian here that they were not paid him before taking his land for public use, and hence, that does not become a question in the case.

The assignments insisted upon in this court point out no error for which the judgment should be reversed, and it is accordingly affirmed.

AFFIRMED.

[Opinion delivered February 12, 1886.]