LLANO COUNTY v. C. P. SCOTT.

No. 76.

. 1. Laying out Public Road—Damages—Waiver.—In taking land for a public road established by the County Commissioners Court, notice to the land owner is the initial step, conferring jurisdiction upon the jury of view to assess damages. Where no notice is given, as prescribed, a failure to make claim before the jury of view is not a waiver of damages.

2. Same.—That a land owner was a member of a jury of view a majority of which laid out a road over his land against his protest, does not prevent his asserting a claim for damages for his land so taken.

3. Same — Jurisdiction. — The District Court, where the amount claimed is within its jurisdiction, has jurisdiction over a suit for damages by a land owner against a county for land taken without compensation, upon the Commissioners Court refusing such claim for damages.

**4. Changing Class of Public Road.**— Changing a road from a second class to a first class road necessarily requires more land from the owner, and it can only be done upon compensation. Nor can long use as a second class apply as prescription in favor of a first class road upon same line.

APPEAL from Llano. Tried below before Hon. A. W. MOURSUND.

*Hancock, Shelley & Hancock,* for appellant.— 1. The Commissioners Court has exclusive jurisdiction and control of the subject of public roads, their opening, and establishment and classification. Const., art. 5, secs. 2, 11, 18; Sayles' Civ. Stats., art. 4360, et seq.; Bourgeois v. Mills, 60 Texas, 76.

2. The District Court has no original jurisdiction over the subject of opening, laying out, and establishment and classification of public roads; and appellate or revisory jurisdiction only in respect to the question of damages to private property. Its equity powers may be originally invoked where the party has no legal remedy, or in cases where the County Courts have not proceeded as required by the statute. Bounds v. Kirven, 63 Texas, 160; Bourgeois v. Mills, 60 Texas, 76.

3. Plaintiff's petition and the exhibits made part of it showed: 1. That he had failed to present a claim for damages to the jury of view at the time of their action, he being one of them. 2. That he had failed to present any such claim to the court when the jury made their report and the court took action on it and classified the road. 3. That plaintiff had waived his claim for damages, as declared by the statute. If this right to claim damages were not waived, and plaintiff's claim for damages, presented at a subsequent term of the court could be entertained by it, being rejected by the court, his remedy was by appeal to the District Court, provided by the statute full and complete, and defendant's demurrer should have been sustained. Sayles' Civ. Stats., arts. 4371–4373.

4. The public may acquire a right to the unobstructed use of road by prescription, by the lapse of such time as will amount to evidence of dedication, without the aid of any expressed recognition by the Commissioners Court. The court in its charge made this recognition necessary to constitute a road a public road.

*Miller & Lauderdale,* for appellee.—1. The land owner may seek his redress for damages done him by opening a public road through his land, either by putting his claim for damages before the Commissioners Court of the county and pursuing the remedy there provided for, or by instituting his suit for damages in the District Court. Hamilton County v. Garrett, 62 Texas, 602.

2. The user, in order to sustain a plea of limitation or to raise a presumption of grant, must be by corporate authority and under corporate claim of right. 2 Washb. on Real Prop., 338, 339.

COLLARD, ASSOCIATE JUSTICE. — Suit by C. P. Scott, the appellee, against Llano County, filed January 10, 1888, to recover damages alleged to have been occasioned by the establishment of a public road over his land by order of the Commissioners Court, made on the 17th day of February, 1887, pursuant to report of a jury of review appointed by a previous order.

The trial resulted in a verdict and judgment for plaintiff for $105 and costs, from which the county has appealed.

On the 14th of February, 1887, the Commissioners Court of Llano County, of its own motion, under authority of the first section of the Act of February, 1884, as stated in the order, passed an order appointing five freeholders, plaintiff one of them, as a jury of view to lay out a first class public road from the town of Llano, county seat of Llano County, to the line of San Saba County, in the direction of the town of San Saba, the county seat of San Saba County.

All the jury but plaintiff, on the 17th of February, 1887, made their report, showing survey of the road agreed on, running diagonally across plaintiff's land on a line about 1100 varas in length. Plaintiff made a minority report, protesting against the establishing of the road as run, alleging that he would be greatly damaged thereby, and that the road could be established on his boundary line without making it more than a quarter of a mile longer, and none would be injured. On the same day the court adopted the majority report, and established it as a first class road. Plaintiff claimed no damages at this time, and no provision was made by the court for such purpose, but on the 10th of May, 1887, he applied to the court to appoint a jury to assess the damages, which he laid at $500, and on the same day the claim was rejected, and no damages allowed, "for the reason that petitioner was one of the jury of view and did not file his account for damages as required by law."

Nothing further was done in the Commissioners Court. Whereupon this suit was brought in the District Court, setting up the foregoing facts.

Defendant county excepted to the sufficiency of the petition, upon the ground that the injuries complained of and the assessment of damages were cognizable only by the Commissioners Court. Defendant also answered by general denial, except as to the allegation of laying out and establishing the road where alleged; and especially, that for seven years before the 17th of February, 1887, on that date, and up to the filing of the suit, the county had an old established road leading from the town of Llano to San Saba town, the general direction of the new road as laid out, and that the old road crossed plaintiff's land at the same place where the new road was established, the jury adopting at such points the old road, making the bed of the old and the new substantially the same at the place indicated on plaintiff's land. It is also set up in defense, that plaintiff was one of the jury of view locating the new road, a majority of whom

laid out the road through plaintiff's land; that he was present, and presented no claim to the jury of view for his damages for the appropriation of his land, and had made no such "statement" to the Commissioners Court, and had taken no steps to bring the claim before that court for adjustment. It is also set up, "that for thirty years, and while the land over which the road runs was public domain, the public acquired and has since maintained over said roadbed through said tract of land a constant right of way, adequate in width, to-wit, 60 feet wide, to meet the public demands, and that the said roadway the whole of said time has been continuously and peaceably kept public for all purposes of a free and unobstructed passage, and that no part of said roadbed has ever been discontinued, nor has the easement in said passage ever been in anywise diminished; that on and for more than three years prior to the 17th of February, 1887, Llano County has held in trust for the said travelling public 30 feet width of said roadbed, and styled said portion of said roadbed a second class road, and works the same as such; that in 1882, plaintiff's vendor, G. W. Jernigan, acquired title to said land by pre-emption; that at the time said title was so acquired, and for a long time anterior thereto, to-wit, twenty years, the travelling public was holding and peaceably using said part of said roadbed as a public, free, and unobstructed highway, and that when plaintiff came into possession of the said 160 acres of land the travelling public had a vested easement of a public, free, and unobstructed passage over said road, adequate in width to meet the demands of the public, to-wit, 60 feet wide, and that plaintiff does now and has ever held the fee in said road in trust for the public use; wherefore defendant prays" for judgment, etc.

Defendant moved to strike out the several exhibits showing the orders and reports to the Commissioners Court, because "the same are merely evidence in the case."

The court overruled the motion, and also the demurrers and exceptions to the petition.

There are a number of assignments of error, but only a few questions to be disposed of, which will be done without considering each assignment in its order.

Did the District Court have jurisdiction of the case, as presented?

We think unquestionably it had. The County Commissioners Court declined to consider plaintiff's claim for damages. The alleged cause for so doing was, that he was one of the jury that surveyed the road, and failed to present his claim to them, as required by article 4371, Sayles' Civil Statutes (amendment of same article in Revised Statutes), and that he so waived his right to damages, as declared in article 4372 of Sayles' Civil Statutes.

In the first place, we hold that there was no waiver. Before the failure to present the claim for damages would have the effect of a waiver,

other parts of the law must be complied with. The jury are required (article 4370) to issue notice in writing to the land owners through whose lands a proposed road may run, or to agents, of the time when they will lay out the same, or when they will assess the damages incidental to the opening of the same, which notice shall be served upon the owner or agent at least five days before the day named. This notice is the initial step, the original writ, that invokes the jurisdiction of the jury and the Commissioners Court, and requires the land owner to appear and make claim for damages. If he does not appear after such notice and state his damages, he waives them, according to article 4372; but if he makes his claim, it is made the duty of the jury to assess the damages and report the same with their report of survey to the Commissioners Court, which then estimates the damages—an adequate compensation for the land taken. We do not wish to be understood as holding that there could be a waiver under article 4372, under a regular proceeding. It is not necessary to decide the point in this case.

No notice was issued or served upon the plaintiff by the jury of view. This mode of estimating the damages and compensating plaintiff for the land taken was entirely ignored by the jury and the court. The statute does not require the jury to assess the damages at the same time they lay off the road; the notice may fix another time for this purpose. Sayles' Civ. Stats., art. 4370. But no notice of any kind was served upon plaintiff. In such case there could be no waiver. His presence as one of the jury could not bind him. The proceeding to assess the damages had not been instituted, and he was not bound to make the claim at the time. He protested against their running the road through the land, and made a minority report as one of the jury. After the court adopted the majority report and appropriated his land, he asked the court to appoint a jury to assess his damages. This was the mode of having the damages assessed under the Revised Statutes (article 4371), referred to in article 4360a of the amended law, but article 4371 of the old law was amended only two days before article 4360a was added to the old law. It is not necessary that we should determine what act was referred to in article 4360a. Let it be admitted that it referred to article 4371 as amended two days before, it is still true that plaintiff had not been notified to appear before the forum authorized to assess his damages, and had waived no right to the same.

When he saw that his land was to be taken without compensation, he applied to the Commissioners Court to have a jury appointed to assess his damages, and was denied a hearing. The court refused to consider his claim.

The District Court had jurisdiction, the amount claimed being within its jurisdiction. Had the proceeding authorized by the statute been set in motion as prescribed, and had the Commissioners Court acted upon

the claim and adjusted the damages according to their discretion, the question would be different. He was not allowed the right to have his claim passed on by the Commissioners Court or the jury. His land was taken without his consent; the authorities of the county who might have organized a forum under the statute to try his right failed to do so, and now it is insisted that he can not resort to the regular courts of the country to have his rights determined, because they have no jurisdiction. The position is not sound. It has been held that where the Commissioners Court fails to comply with the law, the District Court has jurisdiction and can grant relief. Bounds v. Kirven, 63 Texas, 161.

It is said by appellant that plaintiff should have appealed from the action of the Commissioners Court. We do not decide that he could have appealed. It is sufficient that the court *failed to comply with the law* in taking his land without his consent and without compensation. This confers jurisdiction on the regular courts of the country.

Changing a road from a second class to a first class road necessarily requires more land from the owner, and it can only be done upon compensation.

The long use by the county of a second class road could not be applied to the first class road · 60 feet in width. There is no prescription in the case for a road of any class. Cunningham v. San Saba County, 1 Texas Civ. App., 480.

We are of opinion that the judgment of the lower court should be affirmed, and it is so ordered.

*Affirmed.*

Delivered February 1, 1893.