The Dallas, Pacific & Southeastern Railway Company
v. E. S. Day et al.

No. 745.

**1. Condemnation Proceedings—Appointment of Commissioners.** Revised Statutes, article 4198, fully provides for the appointment by the county judge of a new commissioner to assess damages in proceedings to condemn land for right of way, whenever either of those first appointed, from any cause, is unable or fails to act; and that such commissioner was sworn may be shown by parol.

**2. Practice—Opening and Conclusion of Argument.**—Where, in a suit by a railway company to condemn land for right of way, the defendant files an admission of plaintiff's cause of action, he is entitled to open and conclude the argument.

**3. Res Adjudicata — Judgment Pending on Appeal.** — Under our statute a judgment of a trial court is res adjudicata, notwithstanding the execution of a supersedeas bond and the pendency of the cause in the appellate court thereon.

**4. Judgment by Default — Record Should Contain Citation.** — Where a judgment is by default, the record on appeal should contain the citation to the party against whom the default is taken, and a recital of service in the judgment is not sufficient.

**5. Pleading—Defendant in Condemnation Proceedings need not Particularize His Damages.**—The defendant in a proceeding to condemn land for right of way is not required to particularize in writing the damages claimed by him, since the statute does not require written pleadings in such cases other than the application filed by plaintiff as a basis for the condemnation.

**6. Evidence—Opinion as to Damages.**—When witnesses are called to give their opinion as to the extent to which a tract of land is injured by the construction and operation of a railway through it, they may, as bearing on the weight to be given to such opinion, state that a railway runs through their own land.

**7. Condemnation Proceedings — Plaintiff may show Title Adverse to Defendant, when.**—Where, in a suit against D. and others for condemation of the right of way across two tracts of land, there was judgment for D. alone for the entire damages, it was error to exclude from the evidence certified copy of a judgment of the District Court in a suit between D. and such other defendants relating to the title of one of the tracts, and which would have shown that D. had no title to that tract, especially as the record in the condemnation suit did not affirmatively show legal service therein on such other defendants (who did not appear and answer) sufficient to preclude them from afterwards asserting claim for damages to the land.

Justice Stephens dissenting.

Appeal from the County Court of Denton. Tried below before Hon. F. M. Davidson.

Defendants' admission of plaintiff's cause of action and motion thereon, referred to in the opinion, was as follows:

"Now come the defendants, E. S. Day et al., and move the court for permission to open and conclude this cause; and in support thereof they

say, that the plaintiff is authorized to construct its line of railway through Denton County, State of Texas, and that there is a necessity for the taking and appropriation of the land of defendants described in plaintiff's petition for condemnation for the purpose of its right of way, and that plaintiff has tendered to the defendants $250 in payment of damages; therefore defendants take the burden of proof as to establishing damages, and ask the right to open and conclude this cause."

*H. C. Ferguson* and *Simkins & Morrow*, for appellant.—1. There being no allegation admitting the title to the Wallace survey in E. S. Day, it was incumbent on Day, assuming the burden of proof, to show such title to the land as would support the evidence of injury to the freehold upon which the recovery was had. Railway v. Ragsdale, 67 Texas, 24–28; May v. Slade, 24 Texas, 205.

2. The court erred in excluding the judgment of the District Court in the case of Needham et al. v. E. S. Day. The judgment against Day was proper evidence to show that the land was in litigation, and that his holding under the circumstances, and the uses to which he alone was applying it, was not the proper criterion for estimating damages. 3 Willson's C. C., 142; Railway v. Ragsdale, 67 Texas, 24.

3. The court erred in not requiring E. S. Day to state his claims for damages, and the particulars thereof, as required in plaintiff's motion. While proximate damages may be approved under general allegations, yet upon motion to require particulars to be pleaded, it should have been done. 66 Texas, 240; 64 Texas, 88.

*Smith & Bell*, for appellees.—1. The court did not err in excluding the judgment of the District Court in the case of S. A. Needham et al. v. E. S. Day, and the tax deed to E. S. Day, when offered by the plaintiff, because all the parties alleged by the plaintiff to claim an interest in said land were before the court; and none of defendant Day's co-defendants contested his title to said land, or his right to recover damages for the land sought to be taken, as well as his right to damages to the remainder of his said land.

2. The court did not err in directing the jury to find in favor of defendant E. S. Day for all the injury done to said land by reason of the construction and operation of the road over the same; for the evidence shows, that no one but defendant Day was entitled to recover any of said damages, and there was no controversy between the defendants as to Day's right to recover all such damages. Roddy v. Kingsbury, 5 Texas, 151; Reid v. Reid, 11 Texas, 593; Bond v. Mallow, 17 Texas, 636; Hedgepeth v. Robertson, 18 Texas, 872; Mitchell v. De Witt, 20 Texas, 294; Eason v. Eason, 61 Texas, 225; Grinnan v. Dean, 62 Texas, 218.

HEAD, Associate Justice.—The court below did not err in overruling plaintiff's exceptions to the report of the commissioners. It seems that G. W. Raines, W. H. Wellborn, and Z. J. Harmonson were the commissioners first appointed by the county judge to assess the damage in the condemnation proceedings, and they were duly sworn as such; but it is also made to appear from the undisputed evidence in the record that Wellborn declined to serve, and the county judge appointed Gibbs in his place, who, with the other two commissioners first appointed, sat at the hearing and made the report. It also appears from the record that Gibbs was sworn prior to the meeting of the commissioners. The statute does not require either the appointment by the county judge of the commissioners nor their oath to be in writing, and the court therefore properly admitted parol evidence to show that Gibbs was sworn. It seems that his appointment was in writing. 2 Sayles' Civ. Stats., arts. 4183, 4184. The statute also fully provides for the appointment of a new commissioner whenever either of those first appointed is "from any cause unable or fails to act." 2 Sayles' Civ. Stats., art. 4198.

The action of the court in permitting the defendants to open and conclude the argument was correct. The admission of plaintiff's cause of action filed by them was almost in the exact language of an admission held sufficient in this character of proceeding in the case of Railway v. Waples, Painter & Co., 3 Willson's Civil Cases, 409. But even in the absence of such admission, it seems that the weight of authority outside of this State is in favor of the right of the owner of the land to the opening and conclusion. Lewis on Em. Dom., 426.

The court erred in excluding the judgment of the District Court of Denton County in the case of S. A. Needham et al. v. E. S. Day. The bill of exceptions does not state the ground of the defendants' objection to this judgment, but the court explains its reason for excluding it to be the fact that the parties admitted that this judgment had been appealed from, and that the cause was then pending in the Supreme Court. Under our statute a judgment of a trial court is res adjudicata, notwithstanding the execution of a supersedeas bond and the pendency of the cause in the appellate court thereon. Thompson v. Griffin, 69 Texas, 139; Westmoreland v. Richardson, 2 Texas Civ. App., 175.

Had this judgment been admitted in evidence, it would have shown that E. S. Day, who recovered all the damage, had no title to the Wallace survey, and was not entitled to the damage caused thereto, but that this right was in the other defendants to this proceeding. If we could say from the record as presented to us, that these other defendants had been given legal notice of these proceedings, it might be that they would be precluded by this judgment from denying Day's right to all this damage, they not having excepted to or appealed from the judgment; but the record does not disclose such notice; and inasmuch as this is a special

proceeding, we are of opinion that before we should affirm Day's right to damages which it appears he is not entitled to receive, we should know from the record as presented to us that appellant can suffer no injury, because those who are entitled to what Day receives are estopped by the proceedings from again asserting their claim against it.

It is true the report of the commissioners as returned to the County Court states that notice had been given all the parties, and that none of them, except Day, appeared; but the judgment rendered in the County Court from which this appeal is taken only recites the appearance of plaintiff and the defendant Day, and says nothing as to service having been had upon the other defendants.    Where a judgment is by default, the record should contain the citation to the party against whom the default is taken, and a recital of service in the judgment is not sufficient. Burditt v. Howth, 45 Texas, 466; Carlton v. Miller, 21 S. W. Rep., 697.

Were these defendants to institute a suit against appellant for the damages caused to this land, it is clear there is not sufficient disclosed by this record to preclude them from recovering.    This being a special proceeding, it would be incumbent upon appellant, in defense of such suit, to show affirmatively that the plaintiffs therein had been served with legal notice in this proceeding; and the recital of such notice having been given in the report of the commissioners, or even in the judgment rendered by the County Court, would ·be no evidence against them of this having been done.    Parker v: Railway, 84 Texas, 333.    The proceedings for the condemnation of the right of way across the Wallace and Hallmark surveys having been consolidated in the County Court, and the verdict not showing the amount of damage caused to each survey, the error in excluding the judgment above indicated will necessitate a reversal of the entire judgment.

The charge of the court in submitting the case to the jury, in calling their attention to the different elements of damage to be considered by them, does not meet with our entire approbation, yet we find nothing especially objectionable therein; and inasmuch as it is so nearly in the language of a charge which had been previously approved by our Court of Appeals, we would not reverse the cause on account thereof. We believe, however, it would be better if the court would instruct the jury that the measure of defendant's damage is the fair value of the land actually taken, and the lessened value of the remainder of the tract, and admit evidence as to the several items alluded to in the charge as bearing upon such lessened value, without specially directing the attention of the jury thereto.

The court did not err in refusing the charge requested by the plaintiff, to the effect that the jury must exclude from their estimate such injuries and inconveniences as would be suffered by the community in general, and not peculiar to the ownership of the land in controversy.    This

charge announced a correct proposition of law, but we find no evidence in the record showing any injury or inconvenience that will result to the community in general from the construction of this road. The only evidence introduced upon this branch of the case related to these particular tracts of land.

We see no objection to the court's permitting the witnesses Abney and Harmonson to state that a railroad ran through their land. These witnesses were called to give their opinion as to the extent a tract of land is injured by the construction and operation of a railway through it, and we think this evidence was properly admitted as bearing upon the weight that should be given to such opinion.

The court did not err in refusing to require the defendant Day to particularize in writing the damage claimed by him before going into the trial. The statute does not require written pleading in this character of proceeding, other than the application filed by the plaintiff as a basis for the condemnation. The law regulates what can and what can not be considered as items of damage, and there is no necessity for any greater particularity.

Had the judgment herein before alluded to not been offered in evidence, there would have been no error in the court's charging the jury to find all the damage in favor of defendant Day. The record shows that he had been in actual possession of the land for as much as ten consecutive years, and this at least would afford prima facie evidence that he was the owner thereof; and in the absence of the judgment referred to, there appears nothing in the record to rebut this prima facie case. Express Co. v. Dunn, 81 Texas, 85.

None of the other assignments of error presented by appellant are believed to be well taken, and there is nothing in any of them which calls for a further discussion.

The judgment of the court below should be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*

Delivered May 24, 1893.

STEPHENS, Associate Justice, dissenting.—I am unable to concur in the conclusion, that the judgment in this case must be reversed because the trial court excluded from the evidence the judgment of the District Court in the case of S. A. Needham et al. v. E. S. Day, which was a suit to try the title to one of the tracts of land—the Wallace survey—through which appellant seeks to condemn the right of way for its railway.

The petition filed by appellant to condemn this right of way through the Wallace survey instituted proceedings against all the parties to the suit to try title, alleging, that they claimed adverse interests, that the

suit was still pending, and praying that the damages be assessed and deposited in court to await the final determination of that suit, to be distributed as their interests might appear on such final determination. This proceeding and that to condemn the right of way over the Hallmark survey (in which E. S. Day was the sole defendant) were consolidated and tried together in the County Court, without objection; Day alone of the defendants having appeared before the commissioners and in the County Court to claim damages. While the record does not affirmatively show legal service on Needham and others, the report of the commissioners recites that all parties had due notice, judgment was entered against them in the County Court, the appeal bond was made payable to them as well as to Day, and appellant and appellee Day have treated them as parties to the proceedings throughout; appellant admitting, in its motion for new trial in the County Court and in its brief in this court, that they were made parties to the proceedings, and the question of their not being parties is raised for the first time by this court. In this state of the record, it seems to me, appellant should not be heard to complain if we should treat them as parties to the condemnation proceedings and bound thereby.

I am further of opinion, that it was the duty of appellant, if it desired protection against paying the damages twice, to see that they were properly before the court before proceeding to have the damages assessed. Day was in possession of the land, as alleged by appellant, and entitled to receive the damages, in the absence of other claimants. It is contrary to the very theory on which condemnation proceedings are founded, the scope of which is to show the necessity for the taking of land for public use and to assess the damages incident thereto, to permit the party condemning to dispute the title of him against whom the proceeding has been instituted.

It results then, that if Day only had been a party defendant, appellant could not wholly dispute his title by introducing a judgment divesting him of all title, and at the same time maintain a proceeding against him founded upon the assumption of some title at least. If, on the other hand, Needham and others were made parties, as both appellant and appelle concede, it results that they are bound by the judgment of condemnation, and that it does not lie in the mouth of appellant to complain of the exclusion of evidence bearing alone upon the question of the disposition to be made of the damages; Needham and others not having complained, but acquiesced in the judgment awarding all the damages to appellee Day. It was immaterial to appellant who received the damages, just so all parties were bound by the judgment of condemnation.

Besides, it would seem there was no technical error even in excluding the judgment, if it be deemed final, as seems to be held by the majority, because there was no allegation of a final judgment, but only of pending

litigation.  If we might take into consideration the fact, officially known to us, that this judgment has been reversed by this court, it would seem to be a useless thing to remand the cause for a new trial to admit evidence which the judgment of this court has already destroyed.  In support of some of the views expressed above, see Lewis on Eminent Domain, paragraphs 426, 440, 441, 442.

My conclusion is, that we should not, as held by the majority, reverse the judgment and remand the cause for a new trial.  The consolidation of the two condemnation proceedings, in one of which Day alone was interested, procured, or at least acquiesced in, by appellant, would seem to preclude it from having a modification of the decree so as to have the damages retained in court to abide the final determination of the suit to try the title to the land.