CRAWFORD v. FRIO COUNTY et al.

(Court of Civil Appeals of Texas. San Antonio. Jan. 29, 1913.)

1. HIGHWAYS (§ 38*) — OPENING — NOTICE — WAIVER.

A property owner's presence while the jury of view were surveying the highway estopped him from afterwards denying that he had waived notice of the survey so as to make the statutory notice of that proceeding unnecessary.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 93–97; Dec. Dig. § 38.*]

2. EMINENT DOMAIN (§ 180*)—HIGHWAY—OPENING—ASSESSMENT OF DAMAGES—STATUTORY NOTICE.

Under Rev. St. 1895, art. 4691 (Rev. Civ. St. 1911, art. 6880), providing that lands shall not be taken for a highway until the owner has received five days' notice when the jury of view will "lay out such road, or when they will assess damages incidental to the opening of the same," notice of the assessment of damages is jurisdictional, and a mere recital of such notice in the report of the jury, or knowledge by the owner that the jury has laid out the road over his property, is not sufficient to confer jurisdiction.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 489; Dec. Dig. § 180.*]

3. EMINENT DOMAIN (§ 1*) — NATURE OF POWER.

The power of eminent domain is the right of the sovereign to take private property for public uses.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 1, 2; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 3, pp. 2362–2366; vol. 8, p. 7649.]

4. EMINENT DOMAIN (§ 8*)—DELEGATION OF POWER—CONSTRUCTION OF STATUTES.

The delegated power of eminent domain can only be expressly conferred by statute, and such statutes are construed strictly in favor of the owners of the condemned property.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 25, 30, 34, 43, 44; Dec. Dig. § 8.*]

5. EMINENT DOMAIN (§ 184*)—ASSESSMENT OF DAMAGES—NOTICE—WAIVER.

The five days' notice of the time when the jury of view will assess damages incidental to the opening of a road, required by Rev. St. 1895, art. 4691 (Rev. Civ. St. 1911, art. 6880), may be waived, but affirmative proof of such waiver must be made by the party relying thereon.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 498; Dec. Dig. § 184.*]

6. EMINENT DOMAIN (§ 183*)—HIGHWAY—ESTABLISHMENT—NOTICE OF ASSESSMENT.

The mere recital of service of notice of when damages incident to the opening of a highway will be assessed in the report of the jury of view is not sufficient to show prima facie service of such notice on the landowner.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 497; Dec. Dig. § 183.*]

7. EMINENT DOMAIN (§ 183*)—HIGHWAY—OPENING — PROCEEDINGS — BURDEN OF PROOF—NOTICE.

In a landowner's suit to enjoin a county from opening a road over his land, the burden is on defendant to show affirmatively that notice of the time for assessing damages was given to the landowner as required by Rev. St. 1895, art. 4691 (Rev. Civ. St. 1911, art. 6880).

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 497; Dec. Dig. § 183.*]

8. EMINENT DOMAIN (§ 296*)—HIGHWAY—OPENING—PROCEEDINGS — ADMISSION OF EVIDENCE.

In a property owner's suit to enjoin a county from opening a second-class road through plaintiff's land, deeds from third persons, to which plaintiff was not a party or privy, were irrelevant.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 804–806; Dec. Dig. § 296.*]

9. EMINENT DOMAIN (§ 183*)—HIGHWAY—OPENING—NOTICE—EVIDENCE.

Proof of the placing of a letter in a post office addressed to the landowner, unaccompanied by proof showing its receipt, would not be evidence of the notice required by Rev. St. 1895, art. 4691 (Rev. Civ. St. 1911, art. 6880), entitling a landowner to five days' notice of when the jury of view will assess damages incidental to the opening of a road; no presumption of delivery being made.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 497; Dec. Dig. § 183.*]

Appeal from District Court, Frio County; J. F. Mullally, Judge.

Action by W. L. Crawford against Frio County and others. From a judgment dissolving a temporary injunction, plaintiff appeals. Reversed and remanded.

R. W. Hudson, of Pearsall, for appellant. Magus Smith and Mason Maney, both of Pearsall, for appellees.

TALIAFERRO, J. This suit was instituted by appellant against Frio county for injunction to prevent the county from opening a second-class road through appellant's land. A temporary writ was issued, but upon trial before a jury the court gave peremptory instruction for the defendant, the injunction was dissolved, and the road ordered opened. There is no controversy as to the form or sufficiency of the petition, or of the manner of appointment and qualification of the jury of view. It is not disputed that the appellant was present with the jury of view when the road was surveyed and laid out and therefore had actual notice thereof. It is, however, a controverted question as to whether or not he had any notice or knowledge of the time and place that the jury would meet to assess the damages. F. G. Hugo, one of the jury, testified that he verbally notified appellant on the 10th day of October, and also prepared and mailed a written notice, addressed to him at Dilley, Tex., the place of his residence, on October 12, 1911. Appellant swore that he received no verbal notice and that he never received the letter, if it was mailed. The court admitted in evidence the report of the jury of view, showing that they duly notified appellant of the time of meetings and had assessed his damages at $132.50. Appellant and another witness testified to items of damage which would indicate that appellant's damages were much more than that sum. Appellee offered no evidence to contradict the testimony of appellant's witness as to the amount of damages, except the report of the jury of view.

Upon this state of the evidence the court charged the jury to return a verdict for the defendant in the following language: "The object of giving notice to the owner of land over which a road is proposed to be opened is to give the owner an opportunity to be present with the jury of view when they go over the route and making such representations to them in regard to the road as he may deem proper. As the plaintiff was present with the jury when they were at work on his land, it is immaterial whether he had been served with notice or not. The petition for the road and the order of the court granting it and appointing the jury of view defines the exact route to be followed; and the promise of J. C. and S. W. Hale, the parties in possession and claiming the land west of plaintiff's land, to donate the lands necessary for the remainder of the road, made it unnecessary for the jury of view to proceed with their work beyond plaintiff's land. Plaintiff therefore cannot complain on the ground that the jury did not proceed to view the road over the land of (the) Hales. There is nothing in evidence in this case tending to show any abuse of authority on the part of the county commissioners' court in connection with this proposed road, and you will therefore return your verdict for the defendants." Appellant's first assignment of error, on various

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

grounds, attacks this charge of the court. The first proposition under this assignment of error is as follows: "Before appellant would be bound by the action of the jury of view in assessing damages for the taking of his private property for public use, five days' notice in writing of the time and place when said damages would be assessed by them was required to be served on him."

[1] No contention is made that appellant did not have knowledge of the time when the jury would meet to lay out the road, so we must assume that it is conceded that the presence of appellant at the time the survey was being made by the jury was sufficient to estop him from denying that he had waived notice of such survey, and the statutory notice of that proceeding was thereby rendered unnecessary. And such is the rule laid down in Onken v. Riley, 65 Tex. 468.

[2] But appellant earnestly contends that, inasmuch as the damages were not assessed at the same time the review was made, but at a later date, he was entitled to the statutory notice of the time and place when the jury would meet to assess such damages. And in this we agree with the appellant.

[3] The power of "eminent domain" is the right of the sovereign to take private property for public purposes. The right is fundamental and inherent, and an inseverable adjunct to supreme power. The exigencies of commerce and enlightened social intercourse have rendered it necessary for the sovereign to delegate this power to counties and to certain public and private corporations. But it is an extraordinary and dangerous power, and its concession has always been surrounded by rigid limitations and carefully guarded from improper use.

[4] The delegated power of eminent domain can only be conferred by express statute, and all such acts are strictly construed in favor of the person whose property is sought to be condemned. O'Neal v. Sherman, 77 Tex. 182, 14 S. W. 31, 19 Am. St. Rep. 743; McIntire v. Lucker, 77 Tex. 259, 13 S. W. 1027; Cummings v. Kendall County, 7 Tex. Civ. App. 164, 26 S. W. 439; Cyc. vol. 15, p. 566, and cases there cited.

[5] The power to condemn land for public road purposes has been conferred upon the counties. The power and its limitations, and the procedure by which it shall be exercised, are plain and simple; and not least among the limitations is that no citizen's land can be taken until he has had five days' notice "of the time when the jury of view will proceed to lay out such road or when they will assess the damages incidental to the opening of the same." Article 4691, R. S. 1895 (article 6880, R. S. 1911). Notice to the landowner is a requisite to the jurisdiction of the court, and to show that such notice has been lawfully served is the duty of the power seeking to take the land, and the recital of such notice in the report of the commis-

sioners or jury of view, without other sufficient proof, will not suffice to confer jurisdiction. Adams v. San Angelo W. W. Co., 25 S. W. 165; Dallas Ry. Co. v. Day, 3 Tex. Civ. App. 353, 22 S. W. 538; Parker v. Ft. W. & D. C. Ry. Co., 84 Tex. 333, 19 S. W. 518; Bowie County v. Powell, 66 S. W. 237; Cummings v. Kendall Co., above cited; Vogt v. Bexar County, 5 Tex. Civ. App. 272, 23 S. W. 1044. Such notice can be waived, and, as shown above, it is presumed to have been waived by the landowner when he was present and participating in the proceedings. But affirmative proof of such waiver is no less imperative than the proof of written notice would be.

We come then to the consideration of the language of article 4691, R. S. Does the use of the disjunctive "or" in this act mean that knowledge by the landowner that a jury of view has been appointed for the purpose and has surveyed and laid out a road over his property charge him, as a matter of law, with knowledge of a meeting held by them at a later date to assess the damages accruing to him, by reason of opening such road, of which meeting he had no actual notice? We cannot think so. Such a construction would open so wide a door to wrong and oppression that no man could enjoy his property in peace and security. The language of the act can only mean that the landowner shall have notice of the time when the jury shall view his land and assess his damages, or, if the days upon which these two acts are done be different, then he shall have notice of the days upon which each act shall be performed so that he may "appear and present to the jury a statement in writing of the damage he claims will result to him by reason of opening the road." Adams v. San Angelo W. W. Co., supra; Llano Co. v. Scott, 2 Tex. Civ. App. 408, 21 S. W. 177. In the latter case the complaining landowner was one of the jury of view and did not deny knowledge that the road had been laid out. But he asserted his damages in the district court, and they were denied because he had not urged them before the jury of view. The court said: "Before the failure to present the claim for damages would have the effect of a waiver, other parts of the law must be complied with. The jury are required (article 4370) to issue notice in writing to the landowners through whose lands a proposed road may run, or agent, of the time when they will lay out the same, or when they will assess the damages incidental to the opening of the same, which notice shall be served upon the owner or agent at least five days before the day named. This notice is the initial step, the original writ, that invokes the jurisdiction of the jury and the commissioners' court, and requires the landowner to appear and make claim for damages." Verbal notice can in no case be in compliance with the statute, unless it is

of such a nature, or is accompanied by such acts of the landowner, as would amount to a waiver of notice or an estoppel to deny a waiver, and therefore the evidence of Juror Hugo that he verbally notified appellant of the time when the jury would meet to assess damages was immaterial and improper and should not have been admitted.

We conclude therefore that the court erred in peremptorily instructing the jury to return a verdict for the defendant.

[6] Appellant's third assignment of error assails the action of the court in admitting as evidence in this case the report of the jury of view. The record does not reveal the issue upon which this document was considered as evidence, so we conclude that it was to show that the proceedings of the jury of view were regular and that the recitations in their report were binding upon the appellant upon the question of notice. This was error. Our courts have held that the mere recitation of service of notice in the report of the jury of view is not sufficient to establish a prima facie case against the landowner that he has been served with the statutory notice. In Vogt v. Bexar Co., 5 Tex. Civ. App. 279, 23 S. W. 1047, the court says: "The service of this notice in the manner required by statute is indispensable to the exercise of the jurisdiction of the commissioners' court. It is a jurisdictional fact which must be affirmatively shown to sustain the jurisdiction of that court, etc."

[7] The notice is not only essential to the power of the court to act, but the burden is on the defendants in such a case as this to affirmatively show that such notice was given. Adams v. San Angelo W. W. Co., supra; Dallas, etc., Ry. Co. v. Day, 3 Tex. Civ. App. 353, 22 S. W. 538; Bowie County v. Powell, 66 S. W. 237; Parker v. Ft. W. & D. C. Ry., supra. This also disposes of the fifth assignment of error.

[8] The deeds from J. C. and Sidney W. Hale were improperly admitted in evidence in this case. They did not purport to convey any land claimed by appellant, and appellant was not party or privy to such deeds. They have no bearing upon the question of notice to appellant. Appellant's fourth assignment of error is therefore sustained.

[9] Appellant's sixth assignment of error is well taken and must be sustained. By the authorities above cited it has been seen that written notice to the landowner in suits to condemn land for road purposes is an indispensable prerequisite to the jurisdiction of the commissioners' court and that such notice must affirmatively appear; and the statute requires that "written notice shall be served upon such owner." Proof of placing a letter in a post office addressed to the landowner unaccompanied by any proof showing its receipt by the addressee, under the most liberal construction, would not be evidence of notice within the terms of article 4691. Upon authority of Bowie County v. Powell, 66 S. W. 237, we hold that proof that a letter containing the notice required by statute, caused by the jury of view to be mailed to the landowner at his proper address, and the actual receipt of such letter by the landowner five days before the meeting contemplated, is sufficient to meet the requirements of the law. But the receipt of such letter within the time provided must be affirmatively shown and no presumption as to its delivery will be indulged. Therefore evidence of the fact that such a letter was mailed, unaccompanied by evidence affirmatively showing its receipt by the addressee, should have been excluded.

The reversal of this case disposes of assignments 10 and 11, which relate to costs; and the twelfth and thirteenth assignments are disposed of by what has been said in passing upon former assignments.

The learned court trying this case appears to have been under the belief that the knowledge possessed by appellant of the proceedings by the jury of view in laying out the road also charged him with notice of the day set for assessing the damages, and the peremptory charge to the jury is based upon that theory. As shown, we think this view of the court was error and deprived appellant of a substantial right. This case will be reversed with the instruction to the trial court that upon another trial hereof, if the evidence is the same, to enter an order perpetuating the injunction originally granted in the manner as prayed for by appellant.

Reversed and remanded.