HANKAMER et al. v. COUNTY COM'RS COURT et al.

(Court of Civil Appeals of Texas. Galveston. Jan. 31, 1913. Rehearing Denied March 13, 1913.)

1. APPEAL AND ERROR (§ 719*)—OBJECTION BELOW—NECESSITY — FUNDAMENTAL ERROR.

A judgment sustaining a general demurrer, where the petition states a good cause of action, constitutes fundamental error apparent on the face of the record, and will be reviewed without assignments of error in the lower court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. § 719.*]

2. HIGHWAYS (§ 44*)—ESTABLISHMENT—PETITION AND ORDER—CONSTRUCTION.

Under a petition for opening a road which from the description given would conform as nearly as practicable to the grade of an old road not mentioned, and an order that the new road should follow as near as practicable the grade of the old road, the jury of view were authorized to go outside the line of the old road in laying out the new road.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 27, 137–140; Dec. Dig. § 44.*]

3. HIGHWAYS (§ 62*)—ESTABLISHMENT—PETITION AND ORDER—CONCLUSIVE EFFECT.

In an action to enjoin the opening of a new road, the petition and order for the laying out of the road as nearly as practicable on the grade of an old road were conclusive as to where the road should be located, and could not be contradicted by evidence that it was the intention of the petitioners and the commissioners' court to confine the work simply to the lines of the old road.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 166, 167; Dec. Dig. § 62.*]

4. HIGHWAYS (§ 38*)—ESTABLISHMENT—NOTICE TO LANDOWNER—SUFFICIENCY.

In proceedings to open a new road, notice to a landowner who did not sign the petition to meet the jury of view at a time and place named when they would lay out the "old county road," and would assess the damages incidental to the "opening of the road through your land," was insufficient to give him notice that the new road would be laid out over his land where such land was not crossed by the "old county road."

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 93–97; Dec. Dig. § 38.*]

5. HIGHWAYS (§ 64*)—GROUNDS—REMEDY BY APPEAL—PROCEEDINGS TO ESTABLISH HIGHWAY.

Where a landowner appeared before the jury of view in proceedings to open a road, and made his claim for damages which was not allowed, and subsequently appeared before the commissioners' court, when the jury's report was adopted, and gave notice of appeal as provided by Rev. St. 1895, art. 4693, but failed to prosecute such appeal, he could not thereafter maintain a suit to enjoin the laying out of the road across his land.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 165, 334; Dec. Dig. § 64.*]

Appeal from District Court, Chambers County; L. B. Hightower, Judge.

Action by Ira A. Hankamer and others against the County Commissioners' Court and others. From a judgment for defendants, plaintiffs appeal. Affirmed in part, and reversed and remanded in part.

Stevens & Stevens, of Liberty, and R. J. McMurray, of Anahuac, for appellants. A. W. Marshall, of Anahuac, for appellees.

REESE, J. [1] The trial court sustained a general demurrer and several special exceptions to the appellants' petition, and, upon their refusal to amend, dismissed the cause. The ruling of the court in sustaining the general demurrer is assigned in the brief as "error apparent upon the face of the record," which should be considered by this court without assignment of errors in the lower court. It has been uniformly held that error in overruling a general demurrer is fundamental, and need not have been assigned in the trial court to authorize its consideration by the appellate court. We think it would logically follow that a judgment sustaining a general demurrer, where the petition states a good cause of action, would be fundamental. Hall v. Johnson, 40 S. W. 46; Houston Oil Co. v. Kimball, 103 Tex. 103, 122 S. W. 533, 124 S. W. 85; Oar v. Davis (Sup.) 151 S. W. 794.

[2, 3] This action was by Hankamer, Dugat, and Silva against the members of the commissioners' court for an injunction restraining them from laying out a public road through their inclosed lands. According to the allegations of the petition, as explained further by a map attached as an exhibit to the petition, the proposed road runs through the inclosed lands of all the appellants. The map made a part of the petition and the al-

legations of the petition show that the old road laid out in 1885 did not include any part of these lands. The petition for the opening of this road, which was signed by Hankamer and Silva, but not by Dugat, did not refer to this old road at all, but prayed that a "public road of the first class, sixty feet wide, be established * * * beginning on the east bank of Turtle bayou at ferryboat crossing at or near White's store, thence to run east and north," etc. Upon this petition the commissioners' court ordered the "relaying out of an old road beginning on the east bank of Turtle bayou at ferryboat crossing on said bayou at and near White's store, thence to run east and north, following as near as practicable the old grade of the present location of the road known as the Cracker Neck and Turtle bayou road, leading through Cracker Neck settlement, to intersection with the graded public road leading south from Devers to north boundary of Chambers county, and as set forth in said petition." The road was to conform, not exactly, but as nearly as practicable, to the grade of the old road. Taking the petition and order together, it cannot be said that the jury of view who were ordered to survey and lay out the road were not authorized to go outside of the line of the old road in laying out and establishing the new. The petition and order speak for themselves, and cannot be contradicted by showing that it was the intention of the petitioners and the commissioners' court to confine the work simply to the lines of the old road.

[4] It was proper in such case to appoint a jury of view. Article 4675, R. S. Article 4691 provides that the jury of freeholders shall issue a notice in writing to the landholders through whose land such proposed road may run of the time when they will proceed to lay out such road, or when they will assess the damages incidental to the opening of the same. It is alleged that no notice at all was given to Silva. The notices to Hankamer and Dugat gave them notice to meet the jury at a time and place named "when they will view and lay out the old county road known as Turtle bayou, Cracker Neck and Liberty county line road, and will assess the damages incidental to the opening of the road through your land." It is shown that there was at one time such old and established road. This notice did not apprise the parties upon whom it was served that the jury in laying out this old road would go outside of it and in part establish a new road over their lands, and especially through their inclosed lands. It is alleged that Silva received no notice at all. Dugat, who did not sign the petition, might assume that no land outside of the lines of the old road would be appropriated, and that this would be entirely satisfactory to him. It does not appear that he had any other notice or any knowledge of the matter, and neither he nor Silva had their "day in court" in order to present and have passed upon any objections they may have seen fit to make, or any claim for damages arising from the appropriation of their land. Without such notice their lands could not be taken and appropriated for this public use. We think the court erred in sustaining the general demurrer as to Dugat and Silva. Bounds v. Kirven, 63 Tex. 159; Wooldridge v. Eastland Co., 70 Tex. 681, 8 S. W. 503.

[5] It appears from the petition and accompanying exhibits that Hankamer appeared before the jury of freeholders and made his claim for damages, which was not allowed. It is shown, further, that he appeared before the commissioners' court, when the report of the jury came on to be heard, that the court adopted the report, both as to the laying out of the road and the refusal to allow Hankamer the damages claimed, and that he gave notice of appeal from this order, as is provided by article 4693, R. S. This appeal, it seems, was not prosecuted. The order states that "I. A. Hankamer et al." excepted and ·gave notice of appeal. This "et al." cannot be held on the face of the proceedings to include Silva and Dugat, especially Dugat, who did not join in the petition. If these parties were in fact present and joined in this notice of appeal, we think they would be in the same situation as Hankamer. Hankamer, having had full knowledge of the proceedings, and having failed to prosecute his plain statutory remedy for any wrong done him in the matter, ought not to be heard now to complain by resort to the writ of injunction. Bourgeois v. Mills, 60 Tex. 76.

The judgment as to appellants Silva and Dugat is therefore reversed, and as to them the case is remanded. The judgment as to appellant Hankamer is affirmed. The costs of this appeal will be taxed one-half against appellant Hankamer and one-half against appellees.

Affirmed in part. Reversed and remanded in part.