## LAWRENCE et al. v. GORDON et al. (No. 7645.)

(Court of Civil Appeals of Texas. Galveston. Feb. 4, 1919. Rehearing Denied Feb. 27, 1919.)

1. HIGHWAYS ⬥30(3) — OPENING ROAD — REQUIREMENTS OF STATUTES.

Where landowners were given notice in writing of time and place for laying out road, responding to which they attended upon, and filed with jury of view their claims for damages, and also went into commissioners' court, where their damages were determined de novo, contending for more than jury had allowed, and protesting against approval of report and appealing to county court, there was no such failure to comply with Rev. St. 1911, art. 6880, as rendered proceedings of court null and void.

2. HIGHWAYS ⬥64—PROCEEDINGS TO OPEN —CONCLUSIVENESS OF ACTION OF COMMISSIONERS' COURT.

Action of commissioners' court in proceeding to open highway, in determining that juror of view was a freeholder, and in refusing to award landowners more damages than did jury, held conclusive except as landowners questioned it in exercise of right of appeal under Rev. St. 1911, art. 6882, and not to warrant injunction proceedings to restrain opening of road.

Appeal from District Court, Chambers County; L. Llewellyn, Judge.

Suit by A. B. Lawrence and another against J. B. Gordon and others. From judgment dissolving temporary injunction, plaintiffs appeal. Affirmed.

E. B. Pickett, Jr., of Liberty, for appellants.

Mabry E. Cain, of Anahuac, and Tharp & Tharp, of Houston, for appellees.

GRAVES, J. Lawrence and Winfree, appellants here, brought this suit in the district court of Chambers county against the county judge and all other members of the commissioners' court of that county for an injunction to restrain them from opening a public road, or from going upon appellants' lands for that purpose; the court granted a temporary injunction, but at a later hearing upon the merits dissolved it, from which latter judgment this appeal proceeds.

The judgment is assailed upon three grounds, it being claimed: (1) That appellants were not given notice of the time and place when the jury of view would assess the damages for the land to be taken in laying out the road, as is required by article 6880, Revised Statutes of 1911; (2) that one of the five members of the jury of view was not a freeholder; (3) that both the jury of view and the commissioners' court grossly abused their discretion and transcended their authority in laying out the road, and in refusing to award appellants a sufficient amount of damages.

For the purposes of this opinion, the material parts of the trial court's findings, which were not excepted to below, after recitation of an award of $149 damages to Lawrence and $33 to Winfree, are these:

"Third. That the plaintiffs were given written notice of the time and place when said road would be laid out, and they were present when the road was laid out and filed their claim for damages for lands taken by said road, with the jury of view. But the damages for lands so taken for said road were awarded by the jury of view at a later date when said Lawrence and Winfree were not present, and they had no notice that damages would be assessed at said time.

"Fourth. I find that the juror, Charlie Vickers, is a freeholder, but even if he be not a freeholder, a majority of the jury of view were authorized to act without him.

"Fifth. I find that when the report of the jury of view was taken up and adopted (by the commissioners' court) on or about the 14th day of May, 1917, A. B. Lawrence and E. W. Winfree were present in person and insisted that they be allowed a larger amount of damages than had been awarded them by the jury of view; and they also protested against the adoption of the report of the jury of view, which report was adopted, and they each ap-

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

pealed their claim for damages to the county court of Chambers county, which appeal is still pending.

"Sixth. I find that the commissioners' court did not grossly exceed its authority, nor abuse its power, nor was it moved by personal animosity against plaintiffs or either of them in adopting the report of the jury of view."

It thus appears that, not only were appellants given notice in writing of the time and place for laying out the road, responding to which they then attended upon, presented to, and filed in writing with the jury of view their claims for damages, but they also pursued the matter into the commissioners' court, where determination of the amount of the damages was made de novo, and there contended for more than the jury had allowed them, protesting against approval of its report on that ground; then when the commissioners' court adopted the jury's report anyway, they further appealed their claim for damages to the county court, where it was still pending at the time the court below entered the judgment here appealed from.

[1] We are unable to hold that these facts present any such failure to comply with the requirements of article 6880 as rendered the proceedings of the jury of view and of the commissioners' court approving them null and 'void; it is true the power of eminent domain was therein being exercised, the prescribed procedure for which must be strictly observed (McIntire v. Lucker, 77 Tex. 259, 13 S. W. 1027), but the facts· found do not, in our opinion, disclose that it was not so followed; the statute invoked (article 6880), stripped of its immaterial recitations, is as follows:

"The jury of freeholders provided for in article 6877 shall issue a notice in writing to the landowners through whose lands such proposed road may run, * * * of the time when they will proceed to lay out such road, or when they will assess the damages incidental to the opening of the same, which notice shall be served upon such owner, * * * at least five days before the ·day therein named."

It will be noted that only one notice is prescribed, which seems to us, by reason of the disjunctive form of the statement, to cover both contingencies of such a situation as here developed; that is, that one who has first been given advance written notice of the laying out of a road and directed to then appear and present in writing his claims for damages, such being the explicit provisions of the notice given appellants, would not also be entitled to a second notice of the time when damages would be assessed, in case that part of the process were deferred to a later date. The case is different from that presented in Crawford v. Frio County, 153 S. W. 388. There Crawford had no written notice of either action by the jury of view, nor did he present to them any claim for damages at all. He was· present when the

road was laid out, but not at the time the damages were assessed, and claimed not to have even known when they were to be. It was held that, while Crawford's actual presence at the laying out of the road estopped him to deny notice of that particular proceeding and rendered the five days' statutory notice as to it unnecessary, according to the rule laid down in Onken v. Riley, 65 Tex. 468, the failure to give him such notice of the time for assessing damages, which, under the facts there shown, resulted in his presenting no claim therefor at all deprived him of a substantial right and left the county without authority to open the road over his protest; but as the foregoing statement has disclosed, no such condition obtained here. These owners had legal notice of the time and place of viewing out the road, were present when that was done, presented and filed their respective claims for damages, which the jury of view considered and acted upon, appeared again before the commissioners' court urging an increased amount, and finally appealed from an adverse decision there to the county court. Surely, we think, this gave them their day in court and afforded them every substantial right to which they were entitled under the statute.

[2] As to the second and third contentions, an examination of the statement of facts discloses sufficient evidence to sustain the court's findings that the complained of juror was a freeholder, and that neither the jury of view nor the commissioners' court abused their discretion or exceeded their authority in the action taken. If, however, there were any doubt about that, a further and complete answer to both these objections is, we think, that the action of the commissioners' court upon them was conclusive. Neither matter was complained of in that tribunal, nor was of such character as to render its judgment void. All members of the jury of view took the oath, participated in the decision, and signed the report, as required by article 6877, which by its terms permitted a majority of them to act. The commissioners' court, in turn, first passed upon the qualifications of the jury in appointing them, and again in subsequently approving their report. That court was vested by law with jurisdiction to do all it here undertook to do in the matter of opening the road (Revised Statutes, arts. 6864 to 6884, inclusive), and no showing is made that any of the requirements therein detailed were not complied with.

In these circumstances, we think, appellants were limited to their statutory right of appeal. Revised Statutes, art. 6882; Vogt v. Bexar County, 16 Tex. Civ. App. 567, 42 S. W. 127; Huggins v. Hurt, 23 Tex. Civ. App. 404, 56 S. W. 944; Howe v. Rose, 35 Tex. Civ. App. 328, 80 S. W. 1023; Hankamer v. County Commissioners, 154 S. W. 623.

From what has been said it is apparent

that all assignments must be overruled, and the judgment affirmed; that order has been entered.

Affirmed.