BALCH et al. v. SAN ANTONIO, F. & N. R. CO.

(Court of Civil Appeals of Texas. San Antonio. Dec. 20, 1913.)

EMINENT DOMAIN (§ 172*)—JURISDICTION OF COURTS—COUNTY COURT.
　　A county court has jurisdiction in matters of eminent domain, such jurisdiction not being taken away by Acts 32d Leg. c. 24, diminishing the jurisdiction of the county court of Kendall county.
　　[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 470–472; Dec. Dig. § 172.*]

Error to Kendall County Court; J. W. Lauhon, Judge.

Action by the San Antonio, Fredericksburg & Northern Railroad Company against Alice Balch and another. Judgment dismissing the proceeding. Defendants bring error. Reversed and remanded.

Kampmann & Burney, of San Antonio, for plaintiffs in error.

CARL, J. This suit was instituted in the county court of Kendall county by the San Antonio, Fredericksburg & Northern Railroad Company, defendants in error, against Alice Balch and E. J. Beall, plaintiffs in error, to condemn a strip of land for right of way for the railway company over the land of plaintiffs in error in that county. Commissioners were appointed as provided by law and made their award, to which award objections were filed by plaintiffs in error. The court thereupon dismissed said cause, upon the ground that the Thirty-Second Legislature of Texas (General Laws 1911, page 30), had diminished the jurisdiction of the county court of Kendall county so as to deprive it of the power to act in matters of this kind. The judgment of dismissal of said cause has been brought to this court, by plaintiffs in error for review, and is assigned as error.

The Supreme Court of this state has directly passed upon this question in the case of Southern Kansas Ry. Co. of Texas v. Vance, 104 Tex. 90, 133 S. W. 1043, in which it is held that, while the general civil and criminal jurisdiction of the county court may be diminished or taken away, it still retains its powers and jurisdiction in matters of eminent domain. This being true, it becomes our duty to reverse the judgment of the lower court dismissing this case, and to remand the cause for trial, which is accordingly done.

Reversed and remanded.

---

WESTERN UNION TELEGRAPH CO. v. KERSTEN.

(Court of Civil Appeals of Texas. Galveston. Dec. 22, 1913.)

On motion for rehearing. Motion overruled.

For former opinion, see 161 S. W. 369.

PLEASANTS, C. J. In an able motion for rehearing filed by counsel for appellee, it is very earnestly insisted that this court erred in the opinion heretofore filed herein in holding that the charge given the jury by the trial court was erroneous in the respects stated in said opinion.

We adhere to our conclusion that the charge was incorrect; but we agree with counsel that the errors in the charge pointed out in said opinion are not such, in view of the evidence in the case, as would require a reversal of the judgment. We reversed the judgment because we concluded that the evidence failed to show that appellee could have been present at his brother's funeral if the telegram had been promptly delivered, and the errors in the charge were only pointed out for the purpose of preventing their repetition upon another trial.

The motion for rehearing is overruled.