## CHANCEY v. DAYTON-GOOSE CREEK RY. CO. · (No. 8837.)

(Court of Civil Appeals of Texas. Galveston. Feb. 2, 1926.)

**1. Statutes ⊚�ック117(8)—Statute, title of which indicates purpose only to give additional right of appeal from orders granting motions for new trial, held unconstitutional so far as it repeals provision for appeal by writ of error (Acts 39th Leg. [1925] c. 18, amending Rev. St. 1911, art. 2078).**

Acts 39th Leg. (1925) c. 18, amending Rev. St. 1911, art. 2078, to "provide for appeals from orders granting motions for new trials," *held* unconstitutional in so far as it repeals provision of article 2078, authorizing appeal by writ of ‧error, since caption of act indicates only purpose is to add right of appeal from orders granting motions for new trial.

**2. Statutes ⊚⟫109.**

Purpose of Const. art. 3, § 35, requiring caption of legislative act to indicate its scope, is to prevent surprise and fraud in legislation.

Error from District Court, Harris County; Ewing Boyd, Judge.

Action between Patrick Chancey and the Dayton-Goose Creek Railway Company. From an adverse judgment, Chancey brings error. On motion to dismiss, motion refused.

Heidingsfelder, Kahn & Branch, and Samuel Schwartz, all of Houston, for plaintiff in error.

Ross & Wood and R. Wayne Lawler, all of Houston, for defendant in error.

PLEASANTS, C. J. Defendant in error has filed a motion to dismiss this appeal on the ground that article 2078 of Revised Civil Statutes of 1911, as amended by the Acts of the Thirty-Ninth Legislature, hereinafter cited, does not give the right to appeal by writ of error from final judgment of the district and county courts mentioned in said article. The act of the Thirty-Ninth Legislature referred to is found on page 45 of General

Laws passed by said Legislature. The act in full is as follows:

"An act to amend article 2078 of the Revised Civil Statutes of 1911 to provide for appeals from orders granting motions for new trials, and declaring an emergency.

"Be it enacted by the Legislature of the state of Texas:

"Section A. Article 2078 of the Revised Civil Statutes of 1911 is hereby amended so as hereafter to read as follows:

"An appeal may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases, and from every final judgment in the county court in civil cases of which the county court has original jurisdiction, and from every final judgment of the county court in civil cases in which the court has appellate jurisdiction, where the judgment or amount in controversy exceeds one hundred dollars exclusive of interest and costs, and provided further that an appeal may be taken to the Court of Civil Appeals from every order of any district or county court in civil cases granting motions for new trials in any of the above-mentioned cases and such appeal shall be taken within the same time and in the same manner as if the judgment was final.

"Sec. B. The fact that injustice is done in numerous cases by the erroneous granting of new trials creates an emergency and an imperative public necessity that, the constitutional rule requiring bills to be read on three several days by each house be suspended, and said rule is hereby suspended, and this act shall take effect and be in full force from and after its passage, and it is so enacted."

[1] While this act by its terms purports to supersede the original article of the statutes to which it refers, we do not think that portion of the act omitting the clause in the original article permitting an appeal to be prosecuted by writ of error can be held valid, for the reason that the caption of the act not only fails to include such omission, but by its language indicates that the only purpose sought to be attained by the passage of the act is to add to said article of the statutes the right of appeal from judgments of district and county courts granting motions for new trial.

If the caption had only stated the purpose of the Legislature to be "to amend article 2078 of the Revised Civil Statutes of 1911, so as to hereafter read as follows," then, under our decisions, any amendment or change in the article germane to the subject would be valid. But when the caption only states that the purpose of the amendment is to give the right of appeal from judgments sustaining motions for new trial, we think it clear that the act cannot be held a valid repeal of the clause in the original act authorizing writs of error.

[2] There is no ambiguity in the language used in the caption of the act quoted, and there can be no doubt as to its meaning. It plainly states that the purpose is to amend article 2078 so as to provide for appeals from judgments granting motions for new trial and give no hint of an intention to repeal the provisions of the article authorizing the suing out of writs of error. The manifest purpose and intent of the constitutional provision (article 3, § 35), requiring the caption of any act to inform or indicate the members of the Legislature the scope of the proposed act, so that surprise and fraud in legislation might be prevented, would be defeated if this act should be held a valid repeal of the provision in article 2078, giving the right to prosecute a writ of error to the Court of Civil Appeals from judgments of the district and county court, and we cannot so hold. Holman v. Cowden & Sutherland (Tex. Civ. App.) 158 S. W. 571; Ward Cattle Co. v. Carpenter, 200 S. W. 521, 109 Tex. 103; Sutherland v. Board of Trustees (Tex. Civ. App.) 261 S. W. 489.

The Courts of Civil Appeals for the Fourth and Seventh Districts in recent opinions not yet published have held this act unconstitutional in so far as it repeals the provisions of article 2078 authorizing appeal by writ of error. We fully concur in this holding.

It follows that the motion to dismiss should be refused, and it has been so ordered.