## W. T. WAGGONER ESTATE v. TOWNSEND, County Judge et al.   (No. 3351.)

Court of Civil Appeals of Texas. Amarillo. Dec. 18, 1929.

Rehearing Denied Jan. 8, 1930.

O. O. Franklin, of Vernon, for appellant.

Berry, Stokes, Warlick & Gossett, of Vernon, for appellees.

JACKSON, J. This suit was instituted by the plaintiff, the W. T. Waggoner estate, a trust estate created by written declaration of trust, with W. T. Waggoner as trustee, against the defendants, J. V. Townsend, county judge, and R. Cobb, H. M. King, J. M. Reynolds, and T. K. Huffman, county commissioners, of Wilbarger county, Tex., to enjoin them from condemning, taking, and injuring plaintiff's property by building a public road across its land.

Plaintiff alleges that it is the owner of sections 18, 23, 35, 38, 52, and 53, in block No. 4, in Wilbarger county, Tex., and that the defendants have entered upon and have taken a right of way for a public road across said land without the consent of the plaintiff, and are doing irreparable injury and damage thereto by excavating, filling in, cutting timber, building bridges, and doing all things necessary and incident to the building of such a road; that the defendants have failed to comply with the Constitution and laws of the state regulating the taking and condemning of real estate for public roads; that they made no bona fide attempt to agree with the plaintiff on the amount of damages which would be caused to its premises by the opening of said road; that no sufficient notice was given plaintiff of the time when or the place where the jury of view appointed by the commissioners' court would meet and assess the damages to which plaintiff was entitled; that said jury of view gave plaintiff no opportunity to present its claim for damages, failed and refused to consider such claim, failed and refused to return such claim and file it with the report of said jury of view made to the commissioners' court; that the defendants have not considered plaintiff's claim for damages as the law requires, and have not paid or tendered to the plaintiff any sum in satisfaction of the damages caused to plaintiff's premises by the defendants in entering upon and taking a right of way and constructing a public road on plaintiff's land.

On August 5, 1929, the Honorable Robert Cole, judge of the Sixty-Fourth judicial district of Texas, heard and considered in chambers plaintiff's petition for an injunction and granted a temporary restraining order as therein prayed for.

On August 20, 1929, the defendants answered by general demurrer, general denial, special exceptions, and specially denied that they had failed to make a bona fide effort to agree with plaintiff on the damages and compensation to which it was entitled. Defendants also alleged in sufficient detail the proceedings had by filing a petition for the opening of the road with the commissioners' court and the various proceedings had by the commissioners' court for the opening of said road, and that all said proceedings were in accordance with the statutes, and that damages had been allowed the defendant and deposited as the law requires.

The pleadings of both plaintiff and the defendants, with the exhibits attached thereto, are voluminous, but the foregoing statement of the issues involved in the pleading is sufficient for a disposition of this appeal.

On August 22, 1929, at a regular term of the district court of Wilbarger county, Tex., after a hearing before the court on its merits, judgment was entered that the plaintiff take nothing by its suit and that the temporary injunction theretofore granted be dissolved, from which judgment of the court this appeal is prosecuted.

Appellant's first three assignments of error state that the court erred in certain findings of fact, but fails to state there was no evidence to support such findings; neither is it stated that such findings are contrary to the evidence nor that the evidence is insufficient to warrant such findings, much less specify the particulars in which the testimony is insufficient. The fourth assignment states that the court erred as a matter of law in refusing to perpetuate the temporary injunction theretofore granted.

"It is settled that an assignment attacking the sufficiency of the evidence to support a finding, a verdict or judgment, must specify the particulars in which the evidence is insufficient. An assignment complaining that the verdict of the jury and the judgment of the court are contrary to the law and evidence because there is no evidence to establish a fact necessary to sustain the judgment, is sufficient, but an assignment that the verdict and judgment are contrary to the evidence is too general to present the question whether the evidence wholly fails to support the judgment.

"An assignment merely asserting that the evidence is insufficient or that a finding or the verdict or judgment is not supported or sustained by the evidence, but failing to specify the particulars wherein the evidence is insufficient, is too general to require consideration, since it leaves the appellate court to search the entire statement of facts to determine the question." 3 Tex. Jurisp. § 600, and authorities cited.

Appellant's proposition under these assignments is multifarious. 3 Tex. Jurisp. § 616. It is not germane to any of said assignments, 3 Tex. Jurisp. § 617; but it does question the jurisdiction of the commissioners' court, in the condemnation proceedings had, for failure to comply strictly with the law in such proceedings, and this suggests fundamental error.

At the request of appellant's counsel, the court filed his findings of fact, in which he found, in substance, that on May 5, 1929, a sufficient and proper petition was filed with the commissioners' court; that such petition was published and notice thereof posted in the manner and form and for the length of time provided by law; that thereafter, on the 4th day of June, 1929, the commissioners' court considered said petition and appointed a jury of view, composed of five qualified residents, to lay out and survey said road, directed that all the landowners through whose land said road would run be served with notice, and the damages assessed, and report their action to the commissioners' court; that on the 12th day of June, 1929, the jurors gave R. L. Moore, the agent of the appellant, notice in writing of their appointment, informing him that they would meet on June 21, 1929, upon the premises to which appellant had some claim or title, described such premises, and that a jury of view would then proceed to assess any damages to which appellant was entitled on account of the laying out of said public road, and requesting the agent to produce a statement in writing of the damages, if any, and all evidence he desired to offer in relation thereto; that R. L. Moore and O. O. Franklin were the duly authorized agents of appellant, and, pursuant to said notice, O. O. Franklin made an effort to meet with said jury of view on the day mentioned, but did not succeed in doing so, but that he filed with one of said jurors on said date a statement in writing, claiming $10,000 damages and compensation; that said claim was transmitted to the commissioners' court with the report of the jury of view, and appellant was allowed the sum of $1,090 as compensation and damages; that, at the first term of the commissioners' court thereafter, O. O. Franklin, as agent for appellant, appeared before the court in session and requested that the hearing on the report of the jury of view and appellant's claim for damages be postponed until the next session of said court; that the request was granted, and at the second or subsequent term of the commissioners' court, said agent again appeared for appellant, opposed the opening of said road, and contested the sufficiency of the sum of $1,090 as damages and compensation; that at said second term the commissioners' court considered the report of the jury of view, together with appellant's claim for damages,

and allowed appellant $1,090, and ordered that the road be opened; that appellant prosecuted its appeal to the county court of Wilbarger county, Tex., on the issue of damages, and that said appeal is still pending; that the evidence did not show that the award was not paid or tendered to appellant and that appellees, upon the trial of the case, tendered into court for appellant such award in cash, which appellant refused to accept and waived the bringing of the actual cash into court; that one of the commissioners and the county judge made an effort to agree with R. L. Moore, agent of appellant, on the damages and location of the road before it was laid out and before the jury of view was appointed, but that no agreement could be reached as to the location of the road or the damages and compensation to be paid to appellant by reason thereof.

The court concluded, as a matter of law, that all of the proceedings of the commissioners' court and the jury of view were legal and in compliance with the statutes of this state except the form of the notice given to appellant's agent, which was defective in that it did not sufficiently designate the time and place that the jury of view would meet to consider appellant's damages, but that such defect in the notice was waived by appellant's action in filing its claim for damages with the jury of view on the day they met to assess the damages and by appearing at two sessions of the commissioners' court, contesting the damages allowed and the opening of the road, and by its appeal to the county court in the matter of damages; that all the requirements of law, except the defect in the notice, which was waived, having been complied with, the appellant is not entitled to any injunctive relief.

The statement and argument under the proposition show that appellant's contention thereunder is that the commissioners' court made no bona fide attempt to reach an agreement with appellant relative to the purchase of the right of way and the payment of compensation.

The testimony shows without controversy that, at a meeting in the county judge's office before the jury of view was appointed, R. L. Moore, the agent of appellant, the county judge, and one of the commissioners met and had a discussion relative to the opening of the contemplated road. Mr. Moore testified: That he never talked to anybody at any time except Mr. Roland Cobb, one of the commissioners, about damages, and that he and Mr. Cobb did not attempt to arrive at the damages. That Mr. Cobb wanted to put the road across appellant's land, and they discussed the road in question and the location of it, and that witness told Cobb that, if he would leave the pastures like they were, so they could be kept separate and the cattle separate and the ranches kept separate, appellant would not charge a cent for the road. That appellant did not want the road on its premises unless that was done and that they would have a lawsuit if the pastures were not left like they were. "I told him I would protest the opening of the road. In other words, I told him that if they would put in the cattle guards and the gates and things like I wanted it, that we would not charge him anything. I told them I would not charge them a cent if they would leave our pastures like they were and if they did not put those things in I would not give them the right at any price and that I would take the law for it. I showed him the place where if he would build the road and a place where if he would cross the creek and told him if he would put the road at that place there would not be any charge made." That he offered to give the county the right of way, provided the road was put where he thought it should be and constructed as he thought it should be.

The record shows that the road was not located where the agent of appellant suggested, nor constructed in the way he demanded. The testimony also shows that the jury of view considered the claim of appellant, and was of the opinion that it was extravagant and grossly excessive.

With reference to an effort to reach an agreement, 2 Lewis, Eminent Domain (3d Ed.) 896, says: "The attempt need not be prosecuted further than to develop the fact that an agreement is impossible. The inability to agree required by the statute does not mean an inability to buy at any price, but only at a price which the condemning party is willing to pay."

In 20 C. J. 895, § 318, it is said: "However, all that is required is that there shall be a bona fide attempt to agree with the owner, and that there shall be an honest disagreement between the parties as to the compensation which the one is willing to give and the other is willing to receive. A formal offer and refusal is not necessary. Nor is it necessary that there should be a series of offers or prolonged negotiations in order to agree on compensation; an effort to agree is all that is required; and it is sufficient if the negotiations proceed far enough to indicate that an agreement is impossible. If it is apparent that an effort to agree would be unavailing and an offer useless, none need be made. The statute does not contemplate an impossibility to purchase at any price, however large, but merely an unwillingness on the part of the owner to sell at all, or a willingness on his part to sell only at a price which in petitioner's judgment is excessive. In such case a demand by the owner for an extravagant price is equivalent to a refusal to come to an agreement."

In McKenzie v. Imperial Irr. Co. (Tex. Civ. App.) 166 S. W. 495, 497, the court says: "As to the suggestion of appellant that an effort to

reach an agreement respecting the damages is a prerequisite to the right to condemn, and that the evidence fails to show such an effort to have been made, it is necessary only to call attention to the testimony of Judge Williams, the agent of the company: 'That in March, 1910, he asked appellant what he was willing to settle the matter for, and McKenzie asked such a price that it was impossible for him to agree to same; that it was impossible to do so; that they never came to any agreement.'"

In Clements v. F. W. & D. S. P. Ry. Co. (Tex. Civ. App.) 7 S.W.(2d) 895, it is held that, where it is evident from the record and the proceedings that the parties could not have agreed upon the damages, it is unnecessary to make a formal effort at agreement.

■ In our opinion, the testimony is sufficient to sustain the finding of the court that an effort was made by members of the commissioners' court to agree with appellant's agent on the compensation, but, in any event, it is sufficient to show no agreement could have been reached, and any further effort would have been unavailing, and any offer made would have been useless, as the testimony discloses that the agent stated to members of the commissioners' court that appellant would not agree to any price as compensation if the road was opened on the contemplated location and not constructed as he demanded; that the jury of view and the commissioners' court considered the claim made extravagant, exorbitant, and excessive.

The appellant assigns as error the action of the court in holding that it waived the defect in the written notice served upon its agent, because written notice was necessary to confer jurisdiction on the commissioners' court to entertain condemnation proceedings, and could not be waived.

"It thus appears that, not only were appellants given notice in writing of the time and place for laying out the road, responding to which they then attended upon, presented to, and filed in writing with the jury of view their claims for damages, but they also pursued the matter into the commissioners' court, where determination of the amount of the damages was made de novo, and there contended for more than the jury had allowed them, protesting against approval of its report on that ground; then when the commissioners' court adopted the jury's report anyway, they further appealed their claim for damages to the county court, where it was still pending at the time the court below entered the judgment here appealed from.

"We are unable to hold that these facts present any such failure to comply with the requirements of article 6880 as rendered the proceedings of the jury of view and of the commissioners' court approving them null and void." Lawrence et al. v. Gordon et al. (Tex. Civ. App.) 209 S. W. 702, 703.

See, also, Onken v. Riley, 65 Tex. 468; McCown v. Hill (Tex. Civ. App.) 73 S. W. 850; G., H. & S. A. Ry. Co. v. Baudat, 18 Tex. Civ. App. 595, 45 S. W. 939; Dees Bros. v. Harrison (Tex. Civ. App.) 95 S. W. 1093; Crawford v. Frio County (Tex. Civ. App.) 153 S. W. 388; Ross v. Veltmann (Tex. Civ. App.) 161 S. W. 1073.

■ The testimony discloses without contradiction: That a written notice was served upon the agent of appellant and that such notice was given in accordance with the requirements of the statutes, unless, as the court held, it did not sufficiently designate the time and place of the meeting of the jury of view. It gave the day and the land on which the jury intended to meet and did meet, but did not specify the hour of the day nor the specific piece of land where a hearing would be had. In response to the notice, appellant's agent undertook to meet with the jury of view out on the roadway, but failed to get in communication with them. That on the same day he gave one of the jurors the written claim for damages and compensation, claiming $10,000. That this juror conferred with others of the jury, and they, in substance, reached the conclusion that such claim was extravagant and excessive. This claim was transmitted to the commissioners' court, appellant appeared before said court by its agent and attorney, asked that the hearing be postponed, which was done, and thereafter, at a subsequent session said attorney appeared before the court and represented appellant during the consideration of the report of the jury of view and the claim of appellant for damages. That the appellant, after the commissioners' court had passed upon the report of the jury of view and its claim for damages, gave notice of appeal from the action of the court and prosecuted its appeal to the county court, where such appeal was pending at the time of the trial of this case.

In our opinion, the appellant waived the defect in the written notice served upon its agent by the jury of view.

The other findings of the court are amply supported by the testimony, and the judgment is affirmed.

HALL, C. J., not sitting.