**HILL v. CITY OF BELLVILLE.**

No. 9513.

Court of Civil Appeals of Texas. Galveston.
June 12, 1930.

· P. Z. Sullivan, of Bellville, for appellant.

GRAVES, J.

This appeal is from an order, made in vacation after the hearing of evidence, by the judge of the district court of Austin county, refusing appellant's application for a temporary injunction to restrain the appellee city from using for a sewage disposal plant a 3.66-acre tract of land she claimed an undivided interest in, which she alleged it had unlawfully entered upon and appropriated in fee simple for that purpose about February 14, 1930, pursuant to purported condemnation proceedings that gave it no such right.

It is claimed the overruling of the application for the writ was error, because it was not shown: (1) That appellee's mayor had the authority to apply for the fee-simple estate in the property to be conferred on the city; or (2) that the appellee needed the fee-simple estate for the purposes and uses of a sewage plant on the land; or (3) that any compensation for the taking had ever been received by appellant, as required by the provisions of title 52, Revised Civil Statutes of Texas (articles 3264–3271).

Further complaint is made to the overruling of exceptions to allegations in the appellee's answer relating to a cost bond it had filed, and to the action of the judge in not having filed findings of fact and conclusions of law pursuant to a request therefor.

On inspecting the record and statement of facts, which reflect the proceedings taken by the city looking toward the condemnation of the land for sewerage disposal purposes, we can find nothing rendering them void. On the contrary, there appears to have been at least a substantial compliance with the procedure for that purpose specified in title 52, supra; that being the case, neither the district judge nor the district court of Austin county had jurisdiction to determine the matters that appellant sought to have disposed of in this proceeding. Gulf Coast Irr. Co. v. Gary (Tex. Com. App.) 14 S.W.(2d) 266, and Id. (Com. App.) 17 S.W.(2d) 774. The county court of Austin county obtained jurisdiction over the entire condemnation proceedings, and had the exclusive power to carry them through to a proper completion, wherefore there was no justification for a resort to the district court for the purpose. Indeed, appellant has, so far as the record discloses, made no effort whatever to pursue any rights she may have had in the county court, although having been present and participating in some of the condemnation proceedings there but ignored that court thereafter and presented her application to the district judge for this injunction. Had she shown that such proceedings in the county court were void for want of power or jurisdiction in that court to act, a different situation would have been presented. Haverbekken v. Hale, 109 Tex. 106, 204 S. W. 1162; Benat v. Dallas County (Tex. Civ. App.) 266 S. W. 539, writ refused.

[3] As concerns the failure of the district judge to file conclusions of fact and law after request therefor, Revised Statutes, article 2247, does not seem to require that, except in cases tried before the court during term time, while this was a mere vacation order; in any event, since no other judgment could have been properly entered than the one that was entered, the objection becomes immaterial.

Under the Gary Case, supra, and under R. S. article 3270, it seems clear that the city by its condemnation of this land for sewerage purposes only did not get the fee-simple title to the land anyway, but only such easement in and dominion over it as is proper and necessary for that purpose; that being the legal limitation of the city's right, the objections on this score likewise involve nothing prejudicial to appellant.

Further discussion is deemed unnecessary, as these conclusions determine the merits of the appeal; the judgment will therefore be affirmed.

Affirmed.