## VOGEL et al. v. STATE.

### No. 8905.

Court of Civil Appeals of Texas. San Antonio.

May 18, 1932.

O. M. Fitzhugh, of San Antonio, for appellants.

J. E. Friestman, of Leakey, for appellee.

FLY, C. J.

This appeal was perfected by appellants from a judgment of the county judge of Real county dismissing the cause from the county court, in which appellants were urging objections to the award made by commissioners appointed by the county judge to value and appraise certain land belonging to appellants in condemnation proceedings in said county court. Condemnation of the land was sought in order to be used in the construction of state highway No. 4. The cause was dismissed on the ground that the county court of Real county had been deprived of all jurisdiction except probate matters by the Legislature, and because a sum was demanded for the land in excess of the jurisdiction of the county court.

The county judge erred in dismissing the cause. Under the law the county court alone has jurisdiction of condemnation suits, and the value of the property is of no importance on the question of jurisdiction as to such cases. The county court has the power and jurisdiction to render judgments as to the value of lands in any sum, no matter how small or how great. The Legislature, in reducing the jurisdiction of the county courts, cannot deprive such courts of exclusive jurisdiction over cases of eminent domain by a general law. Articles 3264 to 3271, title 52, Revised Statutes of Texas. A special law reducing jurisdiction of the county court did not repeal the general law. Article 1960, as stated, specially retains county court jurisdiction in cases of eminent domain.

The questions herein discussed have been definitely decided in favor of the jurisdiction of the county court in condemnation suits by the Supreme Court and Courts of Civil Appeals. Southern Kansas Railway v. Vance, 104 Tex. 90, 133 S. W. 1043; Balch v. Railway Co. (Tex. Civ. App.) 161 S. W. 1091; Black Bros. v. State (Tex. Civ. App.) 253 S. W. 576; Missouri-Kansas-Texas Railway v. Jones (Tex. Com. App.) 24 S.W.(2d) 366; Tex. Jur. vol. 16, § 107, p. 717.

In the text-book last cited, the matter of eminent domain is fully considered, the authorities cited, and the statute clearly discussed. The text shows jurisdiction over cases of eminent domain to be lodged in the county court, regardless of the deprivation by the Legislature of all cases except those involving probate matters, and regardless of the value of the land sought to be condemned.

This conclusion as to the jurisdiction of county courts is so fully, clearly, and forcefully stated by the Supreme Court in Railway v. Vance, supra, that no one should err in regard to the matter.

The county court of Real county and that court alone has jurisdiction of this cause, and the dismissal was plainly in the face of the law.

The judgment is reversed, and the cause remanded for a trial in the county court of the issues raised in the suit.