**COOK et al. v. OCHILTREE COUNTY et al.**

No. 4220.

Court of Civil Appeals of Texas. Amarillo.

Nov. 8, 1933.

Walter R. Allen, of Perryton, for appellants.

Max W. Boyer, of Perryton, for appellees.

MARTIN, Justice.

Condemnation proceedings were instituted in Ochiltree county against relators Bony Cook and California Western States Life Insurance Company. · Its purpose was to widen an already existing public road which ran through the land of relator Cook and upon which his codefendant is alleged to have held a lien. After the filing of the statement or petition with the county judge of Ochiltree county, as required by article 3264, R. S. 1925, that official appointed three commissioners as prayed for in said petition, who, after duly qualifying and giving notice to said parties, met and.proceeded to hear evidence. After such hearing a report was duly filed with the county judge, to which relators Cook and his codefendant seasonably filed objections in writing.

Thereafter relators filed their petition for injunction against said county, the members of its commissioners' court, its county attorney, and A. E. Dyatt, alleged to be the resident engineer of the Texas highway department, seeking to enjoin them from opening "their proposed right of way and from grading and constructing drainage structures on and along" same.

A hearing was had by the district court of Ochiltree county on said petition after answer filed by respondents and the prayer for injunction refused, from which relators appealed.

The facts will sufficiently appear, we think, in a discussion of the law points involved.

■■ There is no rule of law better settled than that one court will not interfere with the proceedings in another, unless it be plain that such other court is without jurisdiction of the proceedings before it. The only proper legal issue on this appeal, under the particular facts of the case before us, is whether or not the county court of Ochiltree county has failed to acquire jurisdiction of the condemnation proceedings in question, so as to make void any judgment it might render therein. Hill v. City of Bellville (Tex. Civ. App.) 30 S.W.(2d) 407; Carey v. Looney, 113 Tex. 93, 251 S. W. 1040; article 4656, R. S. 1925; 16 Tex. Jur. 789–791, and 932. Mere irregularities or errors of procedure which do not affect this question are entirely outside the scope of a proper discussion of the law point at issue.

■ It is not an open question in Texas that county courts have jurisdiction, within the terms and conditions of the statute, to hear and determine all condemnation proceedings, and that the Legislature has not exceeded its authority in granting them such power. Southern Kansas R. Co. v. Vance, 104 Tex. 90, 133 .S. W. 1043; 16 Tex. Jur. 712.

■■ The authority for the condemnation proceedings under attack is found in article 6674n, as amended by the Forty-Third Legislature at its Regular Session, c. 207 (Vernon's Ann. Civ. St. art. 6674n), under the procedure prescribed by articles 3264 to 3271, inclusive, R. S. 1925, as amended (Vernon's Ann. Civ. St. arts. 3264–3271). Under this statute it is not necessary, as contended, that a condemnation suit of the character above be brought by the Attorney General or under his direction. By the express terms of article 6674n, as amended, any commissioners' court is "authorized to secure by purchase or condemnation on behalf of the State of Texas, any new or wider right of way." The statement initiating the condemnation proceedings substantially and sufficiently complied with this statute, when considered as a whole. Nor does it appear that such proceedings were brought under a law already repealed, but on the contrary the proceedings evidence on their face an effort to comply with the existing statutory requirements. Every step taken in the condemnation proceedings sought to be enjoined are fully set out in the statement of facts. These show to be in compliance with the statute, in which case the county court of Ochiltree county obtained jurisdiction over the entire controversy. Gulf Coast Irrigation Co. v. Gary, 118 Tex. 469, 14 S.W.(2d) 266, 270, 17 S.W. (2d) 774. It follows, necessarily, from this that the district court was without authority to interfere with its proceedings therein, by injunction or otherwise.

No formal brief is on file. Certain contentions appearing in the face of the petition for

injunction, or made in oral argument respecting the alleged lack of jurisdiction of the county court of Ochiltree county, will now be noticed.

The condemnation proceedings under attack were begun by a written statement filed with the county judge, as required by article 3264, R. S. 1925. It is therein alleged: "That said commissioners court has attempted to, but cannot agree with said defendants upon the amount to be paid for said lands above described, nor for the damages, if any, there be due said defendants and occasioned by the use of said lands, but the commissioners court for the purposes aforesaid, have offered said defendants the sum of $306.40 for said land and for damages * * * but said Bony Cook has wholly refused to accept same or to agree with petitioners upon the value of and the damages * * * and petitioners have been unable to compromise or settle with said defendant." Allegation and proof of failure to agree with the "owner of the land on the amount of the damages" is necessary in order to confer jurisdiction on the county court; this because of the portion of article 3264, R. S., just quoted. Malone v. City of Madisonville (Tex. Civ. App.) 24 S.W. (2d) 483; Clements v. Ft. Worth & D. S. P. R. Co. (Tex. Civ. App.) 7 S.W.(2d) 895. The proof must show that the attempt to agree with such owner was a bona fide one, but the statute does not require a specific allegation of such "bona fide attempt" as seems to be contended by relators herein. The quoted allegations from the petition sufficiently comply with the statute, as against the contention that the omission of the words "bona fide attempt" renders such statement fatally defective as a basis of the condemnation proceedings in question. As to the character of attempt to agree necessary under the statute, see W. T. Waggoner Estate v. Townsend (Tex. Civ. App.) 24 S.W.(2d) 83, 85. The statement in Watt v. Studer (Tex. Civ. App.) 22 S.W.(2d) 709, 711, as to the necessity of pleading a bona fide attempt to agree with the owner is dicta. The question now under discussion was not before the court in that case. It would be a new and strange doctrine, we think, to hold that, in alleging the acts of officials, it must be averred that such were bona fide or honest. There is no direct holding in the case of City of Dallas v. Crawford (Tex. Civ. App.) 222 S. W. 305, 307, as contended, that the written statement filed with the county judge must, under the present facts, contain an averment of the reasons why an agreement could not be made with the owner. A different state of facts from this was under discussion. We make note, however, of the following language of the opinion in that case: "In this case the application appears to have alleged a failure to agree between the owners and the city, and that they could not agree upon the damages." There is no holding that this was an insufficient averment.

Certain omitted parties are alleged to be necessary parties to the condemnation proceedings, and an attempt, aliunde the record, is made here for the first time to show such fact. This does not properly raise such a question in this court. 3 Tex. Jur. 429 and 423. Poole v. Mueller et al. (Tex. Civ. App.) 30 S. W. 951.

It is contended further that relator Cook's fee-simple title to the land in controversy is attempted to be taken from him by the condemnation proceedings in question. We assume that the county court on a final trial will not take from him a greater estate than the Constitution and statute authorizes. We say this without expressly deciding what the character of such estate is, as this question is not before us.

Some other questions are raised which we do not discuss, as they appear clearly to be outside the scope of a proper disposition of the real legal issue presented.

Proper objections were seasonably filed to the report of the commissioners appointed by the county judge under article 3264 to assess damages. The condemnation proceedings are now in county court for a determination of the legal rights of the respective parties. A judgment was prematurely entered upon the filing of said report, which is a nullity, but this does not affect the jurisdiction of the county court of Ochiltree county, which we presume will proceed to hear the pending suit.

The judgment is affirmed.