## LONE STAR GAS CO. v. BIRDWELL,
### County Judge, et al.
### No. 1386.

Court of Civil Appeals of Texas. Eastland.
June 22, 1934.

Rehearing Denied July 13, 1934.

Karl F. Griffith, Roy C. Coffee, and Marshall Newcomb, all of Dallas, and Chandler & Chandler, of Stephenville, for appellant.

James V. Allred, Atty. Gen., J. A. Stanford, Jr., Asst. Atty. Gen., and Victor W. Bouldin, Co. Atty., of Mineral Wells, for appellees.

HICKMAN, Chief Justice.

The appeal is from an order of the court below sustaining a general demurrer to appellant's petition and, upon its refusal to amend, dismissing the cause.

In its petition, appellant complained of J. W. Birdwell, county judge, R. A. Peak, E. B. Green, Luther Simmons, and W. E. Brannon, county commissioners, Victor W. Bouldin, county attorney, all of Palo Pinto county, James V. Allred, Attorney General of Texas, and D. K. Martin, John Woods, and W. R. Ely, who constitute the State Highway Commission of Texas. The relief sought was an injunction restraining the defendants, their successors in office, their agents, servants, and employees, from entering in and upon plaintiff's plant site, known as the Gordon Plant, and disturbing plaintiff's property situated thereon, and from taking any steps or actions for the establishment and construction of a state highway, or roadway, through said land, and from interfering with plaintiff's use and enjoyment of such property, and praying that on final hearing the injunction be made permanent and perpetual. In the alternative the prayer was that such injunction be granted pending plaintiff's appeal to the county court of Palo Pinto county from an award theretofore made in condemnation proceedings, and that such injunction continue until the final adjudication of said appeal in the condemnation suit. The petition is necessarily lengthy, and its substance will not be stated here, but the general nature of the allegations and the different grounds upon which the injunctive relief was sought will be stated in connection with our discussion of the several questions presented in the brief.

The first contention is that there was no valid law which authorized or empowered the commissioners' court of Palo Pinto county to condemn plaintiff's land for and on behalf of the state of Texas, for a right of way for state highway purposes. If this contention is correct, then the injunctive relief should have been granted, for, if the commis-

sioners' court was without power to condemn the property, then the proceeding for condemnation was void, and an injunction would lie in the district court to prevent an entry under such proceeding. Benat v. Dallas County (Tex. Civ. App.) 266 S. W. 539 (writ ref.); Gulf Coast Irr. Co. v. Gary, 118 Tex. 469, 14 S.W.(2d) 266, 17 S.W.(2d) 774. It, therefore, becomes necessary to determine whether the law, as it existed when the condemnation proceeding was instituted, authorized a commissioners' court to condemn land on behalf of the state of Texas for a right of way for a state highway. Article 6674n, Vernon's Annotated Texas Statutes, as it existed at that time, is found in the amendatory act of the Forty-Third Legislature, c. 207, Senate Bill No. 531. That act clearly expresses that power in this language: "Whenever, in the judgment of the State Highway Commission, the use or acquisition of any land for road, right-of-way purposes, timber, earth, stone, gravel or other material, necessary or convenient to any road to be constructed, reconstructed, maintained, widened, straightened or lengthened, * * * the same may be acquired by purchase or condemnation by the County Commissioners' Court."

The power is again expressed in the next paragraph of the same act. The contention that this act should be construed to limit the power of commissioners' courts to condemn land for stream-bed diversion only is, to our minds, wholly untenable. But we do not think it would be profitable to enter into a further discussion of this question, for, if the language of the act should be construed as contended for by appellant, it would derive no benefit from such construction, for the following reasons: The caption of the last amendment is as follows: "Chapter 207. An Act amending Article 6674-n, Revised Civil Statutes of 1925, as amended by Chapter 10, Acts of the Third Called Session of the Forty-first Legislature, and Chapter 79, Acts of the Fifth Called Session of the Forty-first Legislature, so as to authorize the Commissioners' Court to condemn land not more than one hundred feet in width for stream-bed diversion in connection with the locating, relocating or construction of a designated State Highway; and declaring an emergency."

This caption gave notice that amended article 6674n was to be further amended so as to confer the additional power upon commissioners' courts to condemn land for stream-bed diversion. It certainly gave no notice of an intention to take from such courts powers which they then possessed under the article to be amended. If the language of this last

amendment should be construed as expressing such intention, it would not be effective for that purpose, because of the failure of the title to give notice of that subject, and such courts would still possess all of their original powers. Ward Cattle & Pasture Co. v. Carpenter, 109 Tex. 103, 200 S. W. 521; Chancey v. Dayton-Goose Creek Ry. Co. (Tex. Civ. App.) 280 S. W. 843. Unquestionably, under this article as it existed prior to the last amendment, county commissioners' courts had the power to condemn land for rights of way for state highways. Cernoch v. Colorado County (Tex. Civ. App.) 48 S.W.(2d) 470. Since the last amendment, however its language be construed, was ineffective to revoke that power, the same still exists, and commissioners' courts would be authorized to proceed under the powers existing prior to its enactment. Our conclusion is that commissioners' courts have the power to condemn land, for and on behalf of the state, for rights of way for state highway purposes.

Other grounds alleged as warranting the injunctive relief sought were: (1) That the appellees made no attempt prior to the institution of the condemnation proceeding to agree with appellant on the value of the land taken and the damages which it would sustain by reason thereof. (2) That appellant's land was devoted to a public use and the use thereof for the purpose for which appellees were seeking to condemn same would completely destroy the public use to which appellant had devoted such property. (3) That great hazard from fire and explosion would exist in the construction and maintenance of a state highway through appellant's property; that such highway could be constructed with less expense and without such hazard so as to run south of appellant's land; and that in electing to route same across appellant's land, appellees abused and arbitrarily exercised their discretion. (4) That the award of the special commissioners in the condemnation proceeding was inadequate to compensate appellant for its damages, and appellant is, therefore, denied the right granted it in article 1, §§ 17 and 19, of the Constitution of the State of Texas.

We think the same principle of law will govern in the disposition of all these questions. Each presents an issue of fact to be determined alone by the county court of Palo Pinto county, in which court the condemnation proceeding is now pending on appeal prosecuted by appellant from the award of the special commissioners. It is not alleged in the petition for injunction that, in the condemnation suit now pending in the county court, the plaintiffs therein failed to allege that there was a disagreement as to the value of appellant's land, or the amount of damages to be awarded to it. We, therefore, presume that the jurisdictional fact of such disagreement was properly alleged in the condemnation petition, thus conferring upon the county court the jurisdiction to determine that fact issue. Isaac v. City of Houston (Tex. Civ. App.) 60 S.W.(2d) 543. Further considering, at this juncture, this particular ground for injunction, we observe that it is made manifest by appellant's petition that any attempt to agree on the amount of damages would have been futile and useless, and it has been held that, under such circumstances, no attempt need be made. Texas & N. O. Ry. Co. v. City of Beaumont (Tex. Civ. App.) 285 S. W. 944; Ellis v. Houston & T. C. Ry. Co. (Tex. Civ. App.) 203 S. W. 172; City of Dallas v. Atkins, 110 Tex. 627, 223 S. W. 170.

The question of whether the taking of appellant's land would completely destroy the public use to which it had been devoted clearly presents an issue of fact to be determined by the county court. The same is true of the contentions that a hazard from fire and explosion would exist, that the appellees abused their discretion, and that the award of the special commissioners was inadequate to compensate appellant for its damages. In short, all the grounds for injunction are based upon issuable facts to be decided in the case now pending in the county court.

Although it must be said that it is difficult to harmonize all the decisions defining the respective powers of the district and county courts in proceedings of this nature, yet we think the true rule is that stated in Missouri-Kansas-Texas Ry. Co. v. Jones (Tex. Com. App.) 24 S.W.(2d) 366, as follows:

"It is a salutary rule of construction that, where jurisdiction is conferred upon a court in certain causes, it carries with it as a necessary incident the right to decide whether that state of facts exists which confers jurisdiction as well as all other matters which arise in a case legitimately before the court. 15 C. J. 725.

"Jurisdiction granted to county courts by the law of this state to hear and determine the condemnation suits by necessary implication includes the right to try and decide all questions which may fairly arise in such controversies, including the right to determine whether the existing facts authorize the exercise of the power thus conferred."

This question was before us in the case of Bradford v. Texas Electric Service Co. (Tex. Civ. App.) 16 S.W.(2d) 836 (error refused), in which case, as in the instant one, an able, presentation of the theory advocated by appellant was made. We gave careful consideration to the question and denied the district court the power or jurisdiction to determine issues to be decided in a pending condemnation suit in the county court. As authority for our holding, we cited: Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063 ; Texas Employers' Ins. Ass'n v. Neal (Tex. Civ. App.) 11 S.W.(2d) 847 (error refused, 118 Tex. 236, 14 S.W.(2d) 793) ; Benat v. Dallas County (Tex. Civ. App.) 266 S. W. 539 (error refused) ; Stemmons v. Dallas Power & Light Co. (Tex. Civ. App.) 212 S. W. 222 (error refused) ; Ellis v. Houston & T. C. Ry. Co. (Tex. Civ. App.) 203 S. W. 172 (error refused) ; Wilson v. Donna Irr. Dist. No. 1 (Tex. Civ. App.) 8 S.W.(2d) 187 (error refused) ; Texas & N. O. Ry. Co. v. City of Beaumont (Tex. Civ. App.) 285 S. W. 944 (error refused). To these authorities we now add: Missouri-Kansas-Texas Ry. Co. v. Jones, supra; Gulf Coast Irr. Co. v. Gary, supra ; Cook v. Ochiltree County (Tex. Civ. App.) 64 S.W.(2d) 1018.

Appellant points out that by its alternative prayer for injunction, it sought only to preserve the status quo until the final adjudication of the appeal in 'the condemnation suit in the county court, and that, therefore, the question of interfering with the jurisdiction of the latter court is not presented. Under the principle above announced, the county court having obtained jurisdiction of the cause, the district court had no jurisdiction to interfere in the matter at all, either to stay the proceeding in the county court, or to preserve the status quo pending the trial in that court.

The county judge is empowered by article 1957, R. S. 1925, to preserve, by injunction in a proper case, the rights of a litigant during the pendency of a suit in the county court. An anomalous situation would result from an interference with that power by a district judge. The case of Cleveland v. Ward, supra, should be regarded as 'setting at rest the question of the power of one court to interfere in a case in which the jurisdiction of another court has previously attached. That case alone affords all needful authority to uphold the action of the trial court in the instant case.

Affirmed.