

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

December 31, 1953

Mrs. B. B. Sapp
Director and Executive Secretary
Teacher Retirement System of Texas
Austin, Texas

Opinion No. S-119

Re: Employment of retired
members of the Teacher
Retirement System in
the public schools.

Dear Mrs. Sapp:

You have requested an opinion on the constitution-
ality of Chapter 423, Acts of the 53rd Legislature, 1953,
which amends Subsection 1 of Section 5 of Article 2922-1,
Vernon's Civil Statutes (Teacher Retirement Act) insofar as
it eliminates from this subsection the following provision:

". . . Any member who has accepted retire-
ment benefits under the terms of the Teacher Re-
tirement System of Texas may be employed in the
Public Schools of Texas; provided however, that
during said time a retired member is so employed,
retirement benefit payments that would otherwise
have been paid to said retired member shall be
suspended and shall be resumed again when said re-
tired member leaves said employment; provided fur-
ther, that during the time said retired member is
so employed that no retirement deductions shall be
made from his salary, and that retirement benefits
to be paid to said retired member after employment
is discontinued and retirement benefits are resumed
shall be paid in the same amount as were paid to
said retired member on the original retirement;
provided further, that during the time that said
retired member is so employed both the membership
annuity payments and the prior service annuity
payments to which said retired member would have
been entitled had he not so returned to employment,
shall be transferred to the State Membership Accu-
mulation Fund of Teacher Retirement System of Texas."

The title of Chapter 423, as here applicable, reads:

"An act amending Subsections 1 . . . of Section 5 of . . . Article 2922-1 of Vernon's Revised Civil Statutes of Texas, 1925, to provide for compulsory retirement of members of the Teacher Retirement System upon reaching a certain age under certain conditions; . . ."

Section 35 of Article III of the Constitution of Texas requires that the subject of a legislative bill be expressed in its title. As often stated, the purpose of this requirement is to give notice to the members of the Legislature and the people of the scope of the subject matter of the proposed law. "The title must be such as to reasonably apprise the public of the interests that are or may be affected by the statute." Gulf Ins. Co. v. James, 143 Tex. 424, 185 S.W.2d 966 (1945).

The general rules for determining the sufficiency of the title of an amendatory act are summarized in the following quotation from 39 Texas Jurisprudence, Statutes, § 48:

"In addition to the statement of a purpose to amend a given law or provision, a title may specify the nature of the amendment, and when it does so the body of the act must conform. A title that specifies the particular field an amendment is to cover or states a purpose to make a certain change in the prior law, and that is not merely descriptive of the matters to which the law relates, limits the amendatory act to the making of the change designated and precludes any additional, contrary or different amendment. Thus a title that expresses a purpose to change a prior law by adding or extending a provision or conferring a right does not warrant an amendment that omits or restricts a provision of the original act or destroys a previously existing right. . . .

"A title expressing a purpose to amend a statute in a certain particular is deceptive and misleading in so far as the body of the act purports to amend the prior law in other particulars. The amendatory act is void to the extent that its provisions go beyond express limitations or the scope of the title."

The title of an amendatory act which undertakes to specify the particular field of amendment must give notice of changes resulting from omissions and deletions in the statute being amended. Ward Cattle & Pasture Co. v. Carpenter, 109 Tex. 103, 200 S.W. 521 (1918); Lone Star Gas Co. v. Birdwell, 74 S.W.2d 294 (Tex. Civ. App. 1934).

Subsection 1 of Section 5 of Article 2922-1, as it existed prior to the enactment of Chapter 423, dealt not only with compulsory retirement after a member reached 70 years of age, but also with voluntary retirement prior to that age and with re-entry into active service after a member had accepted retirement benefits. This subsection as amended in Chapter 423 reads exactly as the prior law, except that the provisions relating to re-employment after retirement are omitted. It is seen that the caption of Chapter 423 is not merely descriptive of the matters to which the law relates, as even in its amended form Subsection 1 relates to a broader field than compulsory retirement. It states a purpose to make certain changes in the prior statute. The caption of the bill indicated that the change in Subsection 1 dealt only with compulsory retirement. It failed to give notice that the amendment changed the existing law affecting the re-employment of members who had accepted retirement benefits. Accordingly, the attempted deletion of this portion of Subsection 1 was void, and it continues in force as it existed prior to the enactment of Chapter 423.

SUMMARY

The attempted deletion of the portion of Subsection 1 of Section 5, Article 2922-1, V.C.S. (Teacher Retirement Act) regulating employment of members of the Teacher Retirement System after retirement is not expressed in the title of the amendatory act (Chapter 423, Acts 53rd Leg., 1953)

Mrs. B. B. Sapp, page 4 (S-119)


and is void.  Tex. Const. Art. III, Sec. 35.  Consequently, these provisions as enacted in 1951 are still in effect.

APPROVED:                           Yours very truly,

                                    JOHN BEN SHEPPERD
John Atchison                       Attorney General
Reviewer

Eugene Brady
Reviewer                            By  *Mary K. Wall*

Robert S. Trotti                        Mary K. Wall
First Assistant                         Assistant

John Ben Shepperd
Attorney General