

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

April 12, 1965

Honorable Neal E. Birmingham        Opinion No. C-419
Criminal District Attorney
Cass County, Texas                  Re:  Whether the County Court
Linden, Texas                            of Cass County has juris-
                                         diction of eminent domain
Dear Mr. Birmingham:                     matters.

     You have requested an opinion from this office concern-
ing eminent domain jurisdiction of the County Court of Cass
County, Texas.  In your letter requesting an opinion you
state, "In Gammel's Acts 1879, July 8, C.S., Ch. 26, pp. 21-
22, the jurisdiction of the County Court of Cass County was
diminished."  It is our understanding that the District Court
of Cass County has never exercised jurisdiction over eminent
domain matters; instead, eminent domain cases have always
been filed and disposed of in the County Court in accordance
with Art. 3264, Vernon's Civil Statutes, et seq.

     The above Acts of 1879 diminished the general civil and
criminal jurisdiction of the County Courts of twelve named
counties including Cass County and conformed the jurisdiction
of the District Courts of the respective counties to such
change.  This Act of 1879 did not specifically mention eminent
domain jurisdiction.

     Texas Constitution, Article V, Sec. 22, states:

     "Sec. 22.  The Legislature shall have power, by
     local or general law, to increase, diminish or
     change the civil and criminal jurisdiction of
     County Courts; and in cases of any such change of
     jurisdiction, the Legislature shall also conform
     the jurisdiction of the other courts to such
     change."

     Article 1960, Vernon's Civil Statutes, states:

     "Where the jurisdiction of a county court has
     been taken away, altered or changed by existing
     laws, the same shall remain as established, until
     otherwise provided by law.  Jurisdiction shall

obtain in all matters of eminent domain over which the county courts have jurisdiction by the general laws of this State." Acts 1885, p. 77; G.L. vol. 9, p. 697

In Southern Kansas Ry. Co. of Texas v. Vance, 104 Tex. 90, 133 S.W. 1043 (1911), the Court construed the statutory antecedents of Art. 1960, and concluded that the evident purpose and intention of the Legislature was to continue in the County Courts all the power and jurisdiction as to eminent domain. At page 1044 the Court stated:

> "To this question we answer: The jurisdiction of the county court of Carson county, in respect to matters of eminent domain, was not affected by the act of the Legislature diminishing its general jurisdiction. By the terms of the act of the Nineteenth Legislature, approved March 31, 1885, it was provided 'that all county courts whose civil jurisdiction has been heretofore, or may hereafter be diminished by law, to such extent as to no longer be able to exercise jurisdiction in matters of eminent domain shall, in addition to the powers and jurisdiction now lawfully exercised by them, be clothed with full jurisdiction in and over all matters of eminent domain over which the county courts have jurisdiction by the general laws of this state.'" (Emphasis added)

See also Vogel v. State, 50 S.W.2d 348 (Tex.Civ.App. 1932). As recent as 1955, the Court in City of Bryan v. Moehlman, 155 Tex. 45, 282 S.W.2d 687 (1955), upheld the eminent domain jurisdiction of a County Court in the face of Art. 199, Subd. 85, Vernon's Civil Statutes, which contained language diminishing the general and criminal jurisdiction of that Court, prior to its 1949 amendment. The Court quoted Art. 1960, and held at page 691:

> "We hold that this statute controls and that jurisdiction lies in the county court of Brazos County in matters of condemnation under the right of eminent domain. . . ."

In Opinion No. 0-6325, a copy of which is attached hereto, this office concluded that the County Court of Bowie County had jurisdiction of eminent domain matters in the face of Art. 1970-306, Vernon's Civil Statutes, a statute diminishing the

general jurisdiction of the County Court of Bowie County in civil and criminal matters. Art. 1970-306 did not specifically mention eminent domain jurisdiction.

Based upon the above authorities, it appears that a special or local law reducing the general jurisdiction of a county court or courts, which does not specifically mention eminent domain jurisdiction, is not to be construed as an expression of Legislative intent to abolish or transfer the special statutory jurisdiction of County Courts over eminent domain matters conferred by the general statutes governing eminent domain matters in Texas because Art. 1960, a general law, manifests specific Legislative intent to retain jurisdiction of eminent domain matters in the County Courts of Texas. It is, therefore, our opinion that the County Court of Cass County has jurisdiction of eminent domain matters since the Act of 1879 did not specifically transfer eminent domain jurisdiction from the County Court of Cass County to the District Court.

## SUMMARY

The County Court of Cass County has jurisdiction of eminent domain matters under existing statutes.

Yours very truly,

WAGGONER CARR
Attorney General of Texas


RICHARD A. SHANNON
Assistant Attorney General

RAS:ca

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Bill Osborn
Fred Talkington
Arthur Sandlin
Ralph Rash

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone